Christine Kelly (209701)
THE ANIMAL LAW OFFICE
454 Las Gallinas Avenue #106
San Rafael, CA 94903
Tele.  415-297-3109
Fax.   415-324-8086
christine@animalattorney.com

ATTORNEY FOR PLAINTIFFS SANTA PAULA
ANIMAL RESCUE CENTER AND CLAIRE BIRGY,
THE GUARDIANS OF CANINE COMPANION BRUCE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SANTA PAULA ANIMAL RESCUE CEN-TER,INC. AND CLAIRE BIRGY, THE GUARDIANS OF CANINE COMPANION BRUCE <br><br> Plaintiffs, <br><br> vs. <br><br> VENTURA COUNTY, VENTURA COUN-TY ANIMAL SERVICES, CITY OF OX-NARD AND DOES 1-10 <br><br> Defendant | Case No.: <br><br> **VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUN-TY ANIMAL SERVICES, and CITY OF OXNARD  FOR DAMAGES, INJUNC-TIVE AND OTHER RELIEF** <br><br> **\*EMERGENCY TRO FORTHCOMING\*** <br> EQUITABLE RELIEF IS SOUGHT <br><br> JURY TRIAL DEMANDED |

COME NOW, Plaintiffs Santa Paula Animal Rescue Center, Inc. CLAIRE BIRGY, by and through their undersigned counsel, and for their Verified Complaint against Defendants VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, and CITY OF OXNARD , et al ("Defendants"), state to this Honorable Court as follows:

### INTRODUCTION

This is a lawsuit to preserve the life of a dog Bruce who now has a euthanasia order placed upon him, while there are less onerous possibilities to resolve the concerns of the defen-

dants, VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, and CITY OF OXNARD.  Plaintiffs bring this action to challenge the multiple action violations of their local municipal ordinances as applied.  Despite there being different interests between the plaintiffs, they both have an interest in saving Bruce's life from euthanasia.

**PARTIES**

1.      PLAINTIFF.  Plaintiff Santa Paula Animal Rescue Center ("SPARC") and Claire Birgy, at one point or another were the Guardians of the dog Bruce (together referred to as "Plaintiffs").  Claire Birgy is an individual and at all times relevant to the incident in question a resident of VENTURA COUNTY  and/or CITY OF OXNARD  in the State of California.  Plaintiff Birgy was the lawful guardian and owner of Bruce, her canine companion, who is the accused dog in the present action.  At the time of the alleged incidents, Birgy was intended to be the party responsible for Bruce, by contract with SPARC.  SPARC is a non-profit 501(c)3 California Corporation in good standing in the State of California who rescued Bruce as a puppy and adopted Bruce to Birgy.  Pursuant to the adoption contract ("Adoption Agreement") with Birgy, SPARC became the owner of Bruce when Birgy, without benefit of advice or counsel, succumbed to pressure to relinquish her right to continue to own Bruce. If Birgy's ownership rights were lawfully relinquished, SPARC asserts its ownership rights, as established by the Adoption Agreement.

2.      DEFENDANTS.  Defendant City of Oxnard and Ventura County are incorporated local government municipalities existing under the laws of the State of California.  VENTURA COUNTY, the VENTURA COUNTY ANIMAL SERVIES ("VCAS"), and CITY OF OXNARD (the "City") are the County and City government entities that have designated Bruce as a "Vicious" Animal pursuant to VENTURA COUNTY  Codes and CITY OF OXNARD  Municipal Codes.  The County and the City both utilize the services of VENTURA COUNTY ANIMAL SERVICES to process dog cases within the County of Ventura. The City and County are defined by Government Code section 54951 and are located in VENTURA COUNTY and CITY OF OXNARD, California .  Defendant has, by its County and Municipal Codes, delegated the duty of deciding whether or not a dog should be deemed Vicious, and has also charged themselves and

the police department with the authority to bring and to hear proceedings against the dog and dog's owners, pursuant to the VENTURA COUNTY Code and the CITY OF OXNARD Municipal Code.  VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD are obligated to follow all applicable rules in regards to the rights of these citizens and applying the appropriate laws and standards of proof to dog hearings to ensure due process protections and appropriate and fair outcomes.  VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, and CITY OF OXNARD  are responsible for ensuring that the City's laws and governmental actions are constitutional.  Actions alleged in this Complaint to be unconstitutional actions were the result of governmental official policy, custom, or practice of VENTURA COUNTY, VCAS, and CITY OF OXNARD. The actions alleged to be unconstitutional were carried out through delegation to VCAS by VENTURA COUNTY and the CITY OF OXNARD.  DOES 1-10 are any and all actors related and responsible for the due process violations against Plaintiffs related to this incident.

### JURISDICTION

3.    Jurisdiction is proper in this Central District of California Federal District Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

4.    Supplemental jurisdiction is proper in this Central District of California Federal District Court as to any state law claims pursuant to 28 U.S.C. § 1367 in that said claims are so related that they form part of the same case or controversy.

5.    This action is not barred from being heard in this Central District of California Federal District Court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), as there is no ongoing state proceeding complaint and this action does not challenge any state interest or procedure.

### VENUE

6.    Venue is proper in this Central District of California Federal District Court pursuant to 28 U.S.C. §1391(b) in that the Defendants reside within the County of Ventura which is

located in the Central District of California and a substantial part of the events or omissions giving rise to the claim occurred within the Central District of California.

## DIVISIONAL VENUE

7.    Divisional Venue is proper in the Western Division of this Central District of California Federal District Court pursuant to Civil Local Rule 3-2(d) in that this case arises from actions within VENTURA COUNTY and CITY OF OXNARD , Ventura County, CA.

## STATEMENT OF FACTS

8.    Bruce is a neutered 135 pound male Pyrenees dog who was known to community members as friendly, social, gentle and affectionate. Multiple people who knew Bruce through local parks described him as gentle, calm, loyal, and good with people and other dogs.

9.    VCAS records identify Bruce as animal number A842188.

10.   SPARC paperwork identifies Bruce as "Charlie," animal number 52653411, before his name was changed to Bruce.

11.   On May 15, 2023, Claire Birgy entered into a SPARC foster-to-adopt agreement for Bruce, then identified in the paperwork as "Charlie."

12.   On June 21, 2023, Claire Birgy executed a SPARC adoption contract for Bruce.

13.   The SPARC adoption contract states: "I UNDERSTAND THAT FAILURE TO COMPLY WITH ANY OF THE ABOVE PROVISIONS WILL RESULT IN IMMEDIATE FORFEITURE OF THE ANIMAL TO SPARC."

14.   The SPARC adoption contract also states: "I understand that I must notify SPARC, without delay, if I can no longer care for or keep my animal and agree to give SPARC reasonable time to rehome my animal or place my animal in an approved foster home, if one is available."

15.   The SPARC adoption paperwork further states: "Please DO NOT rehome or euthanize your SPARC pet at any time without calling SPARC! We are here to help you!"

16. The SPARC adoption contract was signed by Claire Birgy and by SPARC on June 21, 2023.

17. Within 2024, Birgy violated both clauses above and therefore forfeited her ownership of Bruce back to SPARC.

18. From approximately May 2023 until February 6, 2024, Bruce lived with Claire Birgy and Erick Krasnoff.

19. During that period, of May 2023 until February 6, 2024, Bruce had no known incidents, and exhibited only exceptionally good behavior with no signs of aggression or danger.

20. SPARC obtained an independent behavioral review from Dr. Jim Crosby, a well-credentialed and experienced canine aggression and dangerous-dog expert.

21. Dr. Crosby concluded that Bruce's death is not necessary to protect public health and safety.

22. Dr. Crosby concluded that Bruce is an appropriate candidate for secure lifetime management under proper containment, supervision, and handling conditions.

23. Dr. Crosby stated that he had no reservations recommending Bruce's transfer for secure lifetime care under those conditions.

24. No comparable qualified behavioral evaluation was obtained before Defendants pursued Bruce's destruction.

25. As late as March 5, 2026, VCAS itself was not reporting problematic behavior by Bruce. The VCAS note on Bruce's kennel status stated that Bruce had not shown signs of fear, anxiety or stress that would concern the Animal Care team.

26. Bruce was known to community members through local park settings, including Cemetery Park.

27. By way of Declarations signed under penalty of perjury, multiple individuals attested to Bruce's alert yet gentle demeanor.

28. Manny Reynosa, M.D. stated that he had known Bruce since Bruce was a puppy.

29. Manny Reynosa also stated that Bruce bonded immediately with his dog, Lux.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF  5

30. Manny Reynosa furthermore stated that Bruce was one of the favorite dogs at the park.

31. Manny Reynosa additionally stated that he had never seen Bruce display aggressive behavior toward people or dogs at the park.

32. Daniela Cardillo stated that she had known Bruce through the park for approximately two years.

33. Daniela Cardillo described Bruce as sweet.

34. Sean Miller stated that he had seen Bruce frequently at Cemetery Park over approximately three years, usually three to five times per week.

35. Sean Miller described Bruce as calm and gentle.

36. Vai Tiare stated that she had known Bruce for approximately one year.

37. Vai Tiare also stated that she had observed Bruce interact with people, other dogs, and his environment.

38. Vai Tiare described Bruce as gentle, affectionate, calm, and non-aggressive.

39. Rose Sutton stated that she personally interacted with Bruce through her dog, Buster Brown, at Cemetery Park.

40. Rose Sutton described Bruce as loving, loyal, and friendly with dogs and people.

41. Rose Sutton stated that she had never seen aggression from Bruce during her many interactions with him.

42. Susan Hartzler stated that she personally interacted with Bruce and met him with her own dogs at a park.

43. Susan Hartzler described Bruce as sweet and good with other animals.

44. Susan Hartzler stated that Bruce had demonstrated the capacity to bond, regulate, and live safely in the right environment.

45. Several witnesses observed Bruce wearing a muzzle in public.

46. Manny Reynosa stated that, during the months before his March 6, 2026 letter, Bruce's family kept Bruce in a humane muzzle at the park.

47. Daniela Cardillo stated that Bruce always had his muzzle on when she saw him.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF  6

48. Sean Miller stated that Bruce had been consistently muzzled over the past several months.

49. Rose Sutton described Bruce's muzzle use as a precaution and as part of proactive safety measures.

50. In or around early 2024, the family lost housing when their landlord sold the home.

51. Erick Krasnoff had previously worked as an insurance salesman. Krasnoff was laid off and later worked at Vons, resulting in a significant reduction in income.

52. The stress of lost housing had a profound impact on the stress and strain of Bruce's family. Because of the intensity of that stress, on February 6, 2024, the first alleged biting incident occurred while the family was moving from the home they were displaced from. It was a stressful time for the entire family and Bruce.

53. VCAS notes identify the February 6, 2024 matter as report number M24-201451.

54. Erick Krasnoff stated that the family was loading a moving truck at the time.

55. Erick Krasnoff stated that the household was under significant stress at the time.

56. After the February 6, 2024 alleged incident, VCAS ordered a 10-day quarantine

57. The quarantine was completed at the family's next home.

58. The family lived in that next home for approximately eighteen (18) months.

59. According to Erick Krasnoff, there were no further alleged incidents during that approximately 18-month period.

60. The family later lost housing yet again, which further impacted the stress of the household, impacting Bruce's stability and calmness.

61. The family experienced homelessness for approximately three and a half (3 1/2) months.

62. On September 16, 2025, the second alleged incident occurred outside a CVS Pharmacy, due to Bruce being tied up outside the entrance by Birgy with no room to retreat from stimulus. Birgy's back was facing the entry way and Bruce was attentive to patrons entering and exiting the Pharmacy behind Birgy's back.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   7

63. Throughout these difficult times, Birgy failed to inform the owner SPARC of the conditions and stress upon Bruce. Birgy at no time reached out or notified SPARC that Bruce had some biting incidents.  Birgy failed to forfeit ownership to SPARC as was required by the adoption agreement.

64. VCAS records identify the September 16, 2025 matter as report No. B25-016977 and Activity No. A25-072633.

65. VCAS records identify the reporting facility/person as Ventura Police.

66. VCAS records identify Larry Graves as the person involved in the September 16, 2025 matter.

67. VCAS records identify the location as 2260 E. Thompson Blvd., Ventura, California.

68. After the September 16, 2025 alleged incident, VCAS ordered a quarantine.

69. Erick Krasnoff stated that the quarantine was completed at the family's daughter's apartment.

70. VCAS notes indicate that Bruce was released from quarantine on or about September 26, 2025.

71. The family later moved into a low-income apartment in Oxnard.

72. After the move into the Oxnard apartment, Winona, the adult daughter of Clare Birgy, observed that Bruce was anxious around the new apartment building.

73. Winona told the family that Bruce should be muzzled when outside the apartment.

74. On or about November 5, 2025, the third alleged incident occurred near the Oxnard apartment.

75. VCAS records identify the November 5, 2025 matter in the County notes as a later reported incident involving two people walking a large dog on leash.

76. After the November 5, 2025 alleged incident, VCAS placed Bruce on quarantine hold.

77. VCAS notes state that Bruce was not to be released without speaking to Investigator Jennifer Hansen, Senior Alina Hoffman, or Field Manager Bryan Bray.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF  8

78. VCAS notes also state that VCAS would be pursuing a hearing, but that Bruce could go home in the meantime.

79. Bruce was released from quarantine on or about November 14, 2025, because after interaction with Bruce, defendants saw that Bruce's demeanor exhibited no threat to public safety as he had exhibited no signs of aggression whatsoever while under their care.

80. On February 23, 2026, Bruce was surrendered under duress to VCAS after the Birgy family received a door hanger from VCAS, officer contact, and instructions from VCAS to bring Bruce into custody pending a hearing. Plaintiffs were given no alternatives other than to comply.

81. On February 23, 2026, VCAS intake notes state that Bruce was wearing a muzzle when he was brought in.

82. On February 23, 2026, VCAS intake notes state that Bruce was easy to leash and walk to intake.

83. On February 23, 2026, VCAS intake notes state that Bruce allowed handling without issue.

84. On February 23, 2026, VCAS intake notes state that Bruce's muzzle and leash were removed without issue.

85. On February 23, 2026, VCAS intake notes also described Bruce as wary, alert, and stiff.

86. Claire Birgy stated that the family's circumstances during the relevant period included severe mental health challenges, loss of medical coverage, medication disruption, bereavement, homelessness, and instability.

87. Erick Krasnoff stated that the alleged incidents occurred when the family was leaving a home, was homeless, or had recently come out of homelessness.

88. Claire Birgy stated that she accepted responsibility for not handling Bruce correctly during the alleged incidents.

89. Claire Birgy stated that she did not seek to continue as Bruce's handler.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF  9

90. Birgy failed to report to defendants that she had forfeited her ownership right months ago to SPARC and that SPARC is the owner due to Birgy's breach of contract.

91. Claire Birgy supported alternate placement for Bruce.

92. Erick Krasnoff also supported alternate placement for Bruce.

93. Erick Krasnoff identified SPARC as the rescue from which Bruce was adopted.

94. Erick Krasnoff stated that if VCAS was not willing to allow alternate placement, Bruce should be returned to SPARC.

**PROCEDURAL HISTORY**

88. The initial Oxnard Administrative hearing took place on March 5, 2026. The administrative hearing was noticed by Julian Gonzalez on February 12, 2026.

89. Thereafter a second Oxnard Administrative hearing took place that the plaintiffs were unaware of.

90. A third and final administrative hearing with the Ventura County Animal Services hearing held on March 24, 2026, via Zoom, before Hearing Officer Dean Phaneuf.

91. Prior to and during all 3 administrative hearings, there was no provision to the plaintiffs of any of evidentiary or investigation materials on which the hearings were based.

92. No notice to the plaintiffs was provided with regard to the 2nd Administrative hearing. Plaintiff learned of the 2nd Administrative hearing after it took place.

93. On March 11, 2026, Bryan Bray, Field Services Manager for VCAS, signed a Petition to Determine Bruce as Vicious.

94. The March 11, 2026 VCAS petition stated that 89 pages were attached, however plaintiffs did not receive any pages of evidence.

95. There is no indication in any VCAS documentation as to when VCAS alleges he 89-page packet was served on Claire Birgy or Erick Krasnoff.

96. The VCAS packet reviewed to date does not include proof of service showing that Claire Birgy or Erick Krasnoff received the 89-page packet before the March 24, 2026 VCAS hearing.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   10

97. The VCAS packet reviewed to date does not include a notice of the March 24, 2026 hearing or proof of service of that hearing notice.

98. The VCAS packet reviewed to date does not state whether Claire Birgy or Erick Krasnoff had an opportunity to cross-examine any complaining witness at the March 24, 2026 hearing.

99. The March 24, 2026 VCAS Order After Hearing states that the hearing was held via Zoom before Dean Phaneuf.

100. The March 24, 2026 VCAS Order After Hearing found Bruce "vicious" and that he should be destroyed by VCAS.

101. Without adequate stated basis for the decision, the March 24, 2026 VCAS Order After Hearing also found that continued ownership or possession of any dog by the owner or keeper would create a significant threat to public health, safety, and welfare.

102. The March 24, 2026 VCAS Order After Hearing prohibited the owner from owning, controlling, or having custody of any dog for three years from the date the order becomes final.

103. The March 26, 2026 VCAS Order After Hearing stated that an appeal could be filed in Ventura County Superior Court within five days after receipt of the order.

104. On March 31, 2026, Claire Birgy signed a Notice of Appeal from the final administrative decision identified as citation number 26-02 / A26-075079 to the 3rd Administrative Hearing.

105. The Notice of Appeal was filed in Ventura County Superior Court on April 1, 2026.

106. The Superior Court appeal was assigned case number 2026CUPT063248.

107. The Notice of Appeal set the Superior Court hearing for April 15, 2026, at 8:20 a.m., in Department 40, at 800 South Victoria Avenue, Ventura, California.

108. The Notice of Appeal does not, on its face, identify separate appeals from the two Oxnard administrative proceedings.

109. Neither Claire Birgy nor SPARC received notice of the 2nd Oxnard hearing.

110. Claire Birgy attended the 1st administrative Oxnard hearing and the 3rd Ventura administrative hearing.

111. Claire Birgy nor SPARC received the County's 89-page VCAS evidence packet before either Oxnard or Ventura administrative hearing. **Defendants intend on killing Bruce tomorrow, May 15, 2026 at 11:30am.**

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 for Fourth, Fifth and Fourteenth Amendment Violations**

**Due Process Clause of the Fourteenth Amendment to the United States Constitution, 42**

**U.S.C. § 1983 and 42 U.S.C. § 1981**

**Against All Defendants**

112.    Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above and below as though fully set forth herein.

113.    Plaintiffs' dog Bruce is property to which they are afforded 14th Amendment Due Process protection.

114.    Acting under color of law and the authority of Defendants, defendants intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights caused Plaintiffs to be deprived of her constitutional rights, including but not limited to those under the Fourth, FIFTH and Fourteenth Amendments, holding Bruce in their possession without due process of the law.

115.    Defendants, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiffs to be deprived of her constitutional rights, including but not limited to those under the Fourth, Fifth and Fourteenth Amendments, by failing to enforce the provisions of the United States Constitution concerning seizure of property and by promulgating, encouraging, and condoning customs, practices, and policies that result in illegal continuous seizures of property. A "seizure" of property occurs when there is meaningful interference with an individual's possessory interests in that property.

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   12

116.    Defendant VENTURA COUNTY, VENTURA COUNTYANIMAL SERVICES and CITY OF OXNARD  and Defendants implicitly or explicitly adopted and implemented a policy, custom, or practice permitting and/or instructing its employees to do the following, *inter alia*: To fail to provide constitutionally sufficient due process to those whose animals are seized and detained as described above.

117.    In violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the illegal actions of Defendants have deprived Plaintiffs of their constitutionally protected rights to be free from:

   a.    Unreasonable seizure;

   b.    Procedural due process violation (deprivation of property);

   c.    Procedural due process violation (deprivation of liberty);

   d.    Substantive due process violation; and

   e.    Taking without just compensation.

118.    The City's possession of Bruce is a violation of the 4th Amendment of the U.S. Constitution.

119.    The County has furthermore deviated from usual practices. The rescue group is already County-approved, and County has a pattern and practice of involving SPARC.  Nonetheless, the County has refused to accept the County-approved rescue group's offer to take Bruce and has failed to contact SPARC despite SPARC being an owner of Bruce.

120.    Additionally, the state mandates transferring dogs such as Bruce to rescue groups requesting them.  Shelters cannot deny qualified groups dogs (such as SPARC)  with behavioral problems. Here, County has sent dogs just like Bruce, or with more complicated behavior, to the Northern California rescue, which is a qualified IRC section 501(c)(3) rescue organization as provided under California Food & Agriculture Code section 31108(b) and 31754.

121.    The actions of Defendants proximately caused the deprivation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

122.    The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other damages.

123.    By this conduct, Defendants violated Plaintiff's federal constitutional and statutory rights under 42 U.S.C. § 1983.  Additional due process violations include but are not limited to the following:

A. The County had an 89-page evidentiary packet

The March 11, 2026 petition says 89 pages were attached. Claire did not receive this packet before any of the administrative hearings.  Thus Claire was defending against a fully assembled County case without the evidence being used against her.

B. The administrative procedures expressly allowed cross-examination

Oxnard Code section 5-7 states the hearing officer must permit parties to cross-examine witnesses on relevant issues.  Both plaintiffs were given no opportunity to attend or cross examine at administrative hearing #2.

C. The administrative hearing was supposed to be recorded

Oxnard Code section 5-10 requires the hearing to be recorded and the recording made available on request.  This code as applied was not practiced which deprived plaintiffs of an opportunity to prepare for future hearings and have evidence to impeach witness testimony.

D. The March 24, 2026 order does not show what evidence Claire received before the hearing

Claire did not receive evidence before any administrative hearings.  The March 24 2026 says respondent was present and presented evidence, but it does not establish that Claire received the County's 89-page packet before the hearing.

E. The order does not show live witness testimony or cross-examination

Claire did not have the opportunity to cross-examine evidence before any administrative hearings. The admin orders do not show whether Larry Graves, Beatriz Ziegenfus, Felton Johnson, Alexander Vera, or any other witness appeared live, whether they were questioned, or whether Claire had the evidence necessary to prepare cross-examination.

F. There are animal number inconsistencies

The documents identify Bruce using at least two numbers:

* A842188 on the MD-100 petition;

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   14

\* A871620 on the Hansen declaration and MD-130 order.

That may be clerical, but it should be noted that there is an issue of identification which was not addressed in any order.

G.    No evidence or notice - Oxnard

There was no de novo order regarding the two (2) Oxnard administrative hearings to which plaintiffs claim are violations of their due process rights. Mainly, plaintiffs were both not noticed to attend the 2nd Oxnard administrative hearing and also, the 2nd Oxnard hearing took place without any notice but Oxnard later provided the order after such "hearing" took place without notice. For both Oxnard cases, no informational packets were provided prior to the hearings.

98.    In addition to constitutional injury, the above-described conduct entitles the Plaintiff to other compensatory damages, including, but not limited to, loss of use/companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 for Procedural Due Process Violations

### SUBSTANTIVE AND PROCEDURAL

124.    Plaintiffs incorporate paragraphs 1-36 of the complaint as if fully set forth herein.

125.    Acting under color of law and the authority of Defendant, defendants intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights, caused Plaintiff to be deprived of her constitutional rights, including but not limited to those under the Fourteenth Amendment, when they deprived Plaintiff of their rights in property without an opportunity to be heard at a meaningful time and in a meaningful manner on whether.  Namely, (a) Birgy was never informed by Oxnard that a 2nd administrative hearing was taking place and was not notified of a time or place (b)  Birgy received no evidence packet until all three (3) admininstrat-

ice hearings were over and completed, and (c) Birgy had no opportunity to cross examine in 2nd administrative hearing and SPARC's due process rights were violated, mainly SPARC had no notice as owner of the dog Bruce (because Birgy forfeited her right to own Bruce back to SPARC for violation of adoption agreement.

126.    Defendants, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff's rights, authorized, permitted, and tolerated the custom, policy, and practice of depriving individuals of rights to property without due process of law, by and through its official policymaker, and by promulgating, encouraging, and condoning customs, practices, and policies that result in deprivation of property rights without due process of law.

127.    VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  without the safeguards of due process, applied a vicious dog destruction order upon Bruce to die.

128.    The actions of Defendants proximately caused the deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

129.    The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other damages.

## THIRD CAUSE OF ACTION

### THE VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  CODE IS UNCONSTITUTIONAL AND/OR UNCONSTITUTIONALLY VAGUE AS APPLIED

130.    Plaintiffs repeat, restate and reallege and incorporate by reference all the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full.

131.    Plaintiff's dog was collected within VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  and therefore the following codes apply to Bruce therefore plaintiff is subject to VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD 's municipal code.

132.   The following VENTURA COUNTY ANIMAL SERVICES and CITY OF OX-NARD Codes are unconstitutional as applied:

(a)     CITY OF OXNARD Municipal Code § SEC. 5-12. ORDER which reads in pertinent part as follows:

(A)     The hearing officer shall determine what actions are reasonably necessary in order to resolve the issues presented at the public nuisance hearing.

CITY OF OXNARD Code § 5-12. (A) violates due process as applied in that although it may be valid on its face, its enforcement in specific circumstances is unconstitutional. CITY OF OXNARD does not enforce this code and therefore, such failure to uphold this municipal code demonstrates that the application of the code in this particular case resulted in a deprivation of a protected right, such as due process and equal protection. The Plaintiff brings this action because CITY OF OXNARD did not abide by their own municipal code and therefore violated a constitutional right by only applying what is "reasonably necessary" to resolve the issues. Proper application of their Oxnard code would have protected the 4th amendment due process rights of plaintiff.

(b)     CITY OF OXNARD Municipal Code § SEC. 5-4. HEARING; NOTICE. which reads in pertinent part as follows:

The notice shall:

(A)  Include a copy of the complaint;

(B)   State that a public nuisance hearing will be held to determine whether the animal described in the complaint is a public nuisance and, if the animal is found to be a public nuisance, how the public nuisance may be abated in accordance with this division;

CITY OF OXNARD Municipal Code § 5-4. violates due process as applied in that although it may be valid on its face, its enforcement in this specific circumstance was unconstitutional. CITY OF OXNARD does not enforce this code and therefore, such failure to uphold this municipal code demonstrates that the application of the code in this particular case resulted in a

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   17

deprivation of a protected right, such as due process and equal protection. The application of CITY OF OXNARD Municipal Code § 5-4. violates due process because these protections for the dog owner to get a copy of the complaint was not implements and notice was not given to either of the plaintiffs for the 2nd hearing. Application of the code may have provided plaintiffs with due process protections but the notice was not provided nor was a packet of evidence which would be used against plaintiffs doe Bruce. The failure to apply the law lead to a 4th amendment violation in seizing plaintiffs dog (considered 4th amendment property) in order to permanently seize/euthanize plaintiffs' animal.

(c)    VENTURA COUNTY ANIMAL SERVICES  Municipal Code § 4470-3 - entitled "Definitions.: which reads in pertinent part as follows:

> For the purposes of Section 4470, et seq., unless the context otherwise requires, (a) The term "potentially dangerous dog" means any of the following:(1) Any dog which, when unprovoked, on two (2) separate occasions within the prior thirty-six (36)-month period, engages in any behavior that requires a defensive action by any person to prevent bodily injury when the person and dog are off the property of the owner or keeper of the dog.

VENTURA COUNTY ANIMAL SERVICES  Municipal Code § 4470-3 - violates due process *as applied* in that the County failed to apply such definition and had they applied such definition, Bruce would not have a euthanasia order upon him. VENTURA COUNTY ANIMAL SER-VICES' application of this code in this particular case for euthanasia resulted in a deprivation of a protected right, such as due process and equal protection. The application of VENTURA COUNTY ANIMAL SERVICES Municipal Code § 4470-3 violates due process because the fourth amendment taking of an animal has taken place as opposed to a potentially dangerous des-ignation which was called for by defendants. Failure to apply the law resulted in the violation of a constitutional right of the owners.

133.    By this conduct, Defendants violated Plaintiff's federal constitutional and statuto-ry rights under 42 U.S.C. § 1983 for having unconstitutional codes as applied to Plaintiff.

134.    In addition to constitutional injury, the above-described conduct entitles the Plain-

tiff to other compensatory damages, including, but not limited to, loss of use/companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

### FOURTH CAUSE OF ACTION
### DUE PROCESS
### THE BURDEN OF PROOF FOR THE QUASI CRIMINAL HEARINGS SHOULD HAVE BEEN HIGHER AS APPLIED

135.    Plaintiff repeat, restate and reallege and incorporate by reference all the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full.

136.    Plaintiff alleges that there are two reasons why the burden of proof of VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  should be elevated to clear and convincing: (a) criminal repercussions and (b) a constitutional 4th amendment takings by way of euthanasia is triggered.

137.    Criminal Repercussions:  The VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  Municipal Code pertaining to dogs carries with it criminal repercussions. See, VENTURA COUNTY ANIMAL SERVICES Municipal Code § 4470-17 entitled Violation of conditions constitutes a misdemeanor.

138.    VENTURA COUNTY ANIMAL SERVICES Municipal Code §4470-17 reads in pertinent part as follows:

> The failure to comply with any condition ordered by the administrative hearing officer or judicial officer is a misdemeanor punishable by a fine not exceeding one thousand dollars ($1,000.00) or by imprisonment in the County jail for a period not to exceed six (6) months, or by both the fine and imprisonment.

139.    Likewise, the City of Oxnard also criminalizes violating rules with regard to animals.  Oxnard municipal Code SEC. 5-118 Entitled PENALTY FOR VIOLATION OF ARTICLE reads in pertinent part as follows:

any person failing to comply with any provisions of this article or any regulation of the poundmaster within ten days after notice of such regulation shall be guilty of a misdemeanor.

140.    Because there are criminal repercussions for noncompliance of the VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  Codes for dangerous dogs, the burden of proof in designating dogs should have an elevated burden of proof.

141.    Additionally, because animals are considered property, subject to 4th Amendment protections, there should likewise be an elevated burden of proof during the designation of dogs. The burden of proof for a destruction/euthanasia order should be clear and convincing as opposed to preponderance of the evidence.  Although in this case, VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  made an administrative decision to euthanize Bruce based upon an inappropriate burden of proof considering both the criminal and constitutional repercussions of euthanasia.

142.    The VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  administrative findings and ruling to destroy Bruce violated due process because there was a low burden of proof.  VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  just made a decision on their own, without the authority to have a hearing after a decision was already made and after Bruce was already complying under the terms of a dangerous designation.

143.    **4th Amendment Takings:**  VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD , by way of its agents, authorized to act on behalf of the City and County to violated the 4th Amendment with a low burden of proof.

144.    The euthanasia order of Bruce is akin to a 4th amendment taking because Bruce is subject to the 4th amendment, being personal property.

145.    Knowing that the result of the administrative hearing would have been death of Bruce, the burden of proof should have been elevated to clear and convincing because a constitutional balancing test was at issue.

146.    The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other financial damages.

147.    By this conduct, Defendants violated Plaintiff's federal constitutional and statuto-

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   20

ry rights under 42 U.S.C. § 1983 for having unconstitutional codes as applied to Plaintiff.

148.    In addition to constitutional injury, the above-described conduct entitles the Plaintiff to other compensatory damages, including, but not limited to, loss of use/companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF

149.    Plaintiff repeats, restates and realleges and incorporates by reference all of the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full. Plaintiffs bring this action for declaratory judgment.

150.    There exists an actual and justiciable controversy between Plaintiff and Defendants as to whether the defendants actions are unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

151.    Based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

## SEVENTH CAUSE OF ACTION
### UNCONSTITUTIONAL VIOLATION OF CALIFORNIA CONSTITUTION Art. XI, Sec.7
#### (Similar to U.S. Const. art. VI., § 2.)

152.    Plaintiff repeats, restates and realleges and incorporates by reference all of the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full. Plaintiffs bring this action for declaratory judgment.

153.    The California Constitution ARTICLE XI, SEC. 7 reads in pertinent part as follows:

> LOCAL GOVERNMENT.  A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws.

154.    The California Food and Agricultural Code is a general law of California.

155.    Plaintiff alleges that VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD enforces local city municipal codes which are in conflict with general laws.

156.    The applicable law in California that VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD Municipal Code is violating is CA Food and Agricultural Code § 17005(a) which reads in pertinent part that "It is the policy of the state that no adoptable animal should be euthanized if it can be adopted into a suitable home." In this case, the plaintiff SPARC is the adopter who is a suitable home for Bruce.

157.    Bruce can and may be adopted out to a suitable home, Plaintiffs', yet VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD is determined to euthanize him without

158.    VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD Municipal Codes *as applied* violate the policy of the state of California that no adoptable animal should be euthanized.

159.    Consequently, VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD Municipal Codes created an actual and justiciable controversy between Plaintiff and Defendants as to whether the defendants actions are unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

160.    Based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Court provide the remedies below to prevent injuries which will fall upon Plaintiff as well as other dog owners in similar circumstance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1.    Compensatory damages for Defendants' violations of Plaintiff's constitutional rights;

2.    Injunctive relief, both preliminary and permanent, prohibiting Defendants from maintaining possession of Bruce and allowing Bruce to be released to Plaintiff;

3.    An award of costs, including reasonable attorneys' fees, incurred in connection with this legal action; as provided by 42 U.S.C. § 1988 or as otherwise allowed by law;

4.      A trial by jury on all issues so triable;

**DECLARATORY RELIEF**

5.      Declaring that Bruce should be released to Plaintiffs forthwith;

6.      Declaring that the actions of Defendants in seizing and keeping Bruce violated Plaintiffs' due process and search and seizure rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

7.      Declaring that a vicious designation requiring euthanasia for a dog under VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD Municipal Code, should carry a burden of proof as clear and convincing, as opposed to preponderance of the evidence.

8.      Declaring that VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD Codes are unconstitutional *as applied* to Plaintiffs.

9.      Declaring that the administrative hearings #1 and #2 of Oxnard declaring Bruce vicious should be set aside.

10.     Declaring judgment in Plaintiff's favor and against Defendants:

11.     Declaring that defendants' actions as unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

12. Declaring that Defendants be enjoined and restrained permanently from issuing Orders and findings without a burden of proof for themselves and without due process as it is unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

13. Declaring that there exists an actual and justiciable controversy between Plaintiff and Defendants as to whether the defendants actions were unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

14. Declaring that based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

15. Declaring any other appropriate just orders to remedy the injuries described in this complaint.

**INJUNCTIVE RELIEF:**

16. For injunctive relief, both preliminary and permanent, enjoining Defendants from holding possession Bruce in violation of Plaintiff's rights to ownership of Bruce.

17. For injunctive relief ordering and enjoining Defendants to implement protocols that provide owner-guardians constitutionally mandated due process upon seizure of property, including:

(i)  To enjoin the Defendants from euthanizing Bruce pending the resolution of this complaint.

(ii)  To enjoin the defendants from euthanizing Plaintiff's dog pursuant to the Oxnard administrative orders of 1 & 2.

(iii)  To preserve the life of Bruce pending resolution of this case.

(iv)  To allow Bruce to be held in possession of SPARC pending resolution of this case.

18. Pending such process, enjoining Defendants from holding possession of Bruce and keeping him incarcerated in a cage in their possession;

19.  Ordering any other injunction appropriate and just to remedy the injuries described in this complaint.

DATED: May 14, 2026                    Respectfully Submitted,

THE ANIMAL LAW OFFCE

*C Kelly*

_____
Christine Kelly
Attorney for Plaintiff

**VERIFICATION**

I, Claire Birgy, am a plaintiff for the above referenced case and I have read the contents of the foregoing **VERIFIED COMPLAINT AGAINST VENTURA COUNTY ANIMAL SER- VICES and CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE AND OTHER RE- LIEF** and know that I have personal knowledge of its contents of facts contained herein. I de- clare under penalty of perjury of the laws of the state of California that the statements made herein are true and correct and would testify to the same except those statements which are made on information and belief, and as to those statements, I believe them to be true. Execut- ed on May 14, 2026

/s/ Claire Birgy

_____

Claire Birgy

**VERIFICATION**

I, Jean-Marie Webster, am a plaintiff for the above referenced case as a Ppresident of Santa Paula Animal Rescue Center, Inc. (SPARC) and I have read the contents of the foregoing **VERIFIED COMPLAINT AGAINST VENTURA COUNTY ANIMAL SERVICES and CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF** and know that I have personal knowledge of its contents of facts contained herein. I declare under penal- ty of perjury of the laws of the state of California that the statements made herein are true and correct and would testify to the same except those statements which are made on information and belief, and as to those statements, I believe them to be true. Executed on May 14, 2026

/s/ Jean-Marie Webster

_____

SPARC

VERIFIED COMPLAINT AGAINST VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES AND CITY OF OXNARD  FOR DAMAGES, INJUNCTIVE & OTHER RELIEF   25