Christine Kelly (209701)
THE ANIMAL LAW OFFICE
454 Las Gallinas Ave #106, San Rafael, CA 94903
T. 415-297-3109 | F. 415-324-8086
*Attorney for Plaintiffs for Bruce*

Michelle McCarron (237031)
CITY OF OXNARD
305 West Third Street, Oxnard, CA 93030
T: (805) 385-7483 | F: (805) 385-7423
*Attorneys for Defendant City of Oxnard*

Kelly Duncan (216181)
Thomas Livingston (335783)
MANNING & KASS
801 S. Figueroa St., 15th Fl, Los Angeles, CA 90017
T: (213) 624-6900 | F: (213) 624-6999
*Attorneys for Ventura Defendants*

Marina Gatti Porche (162809)
Office of Ventura County Counsel
800 S Victoria Ave, # 1830 L, Ventura, CA 93009-0002
T: 805-654-2583 | F: 805-654-2185
*Attorneys for Ventura Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SANTA PAULA ANIMAL RESCUE CENTER, AND CLAIRE BIRGY, THE GUARDIANS OF CANINE COMPANION BRUCE<br><br>Plaintiffs,<br>vs.<br><br>VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, CITY OF OXNARD AND DOES 1-10<br><br>Defendant | Case No.: 2:26-cv-05196-SPG-E<br><br>JOINT BRIEF IN RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING FOR PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO.2]<br><br>Date: June 1, 2026<br>Dept: Courtroom 5C, 5th Floor<br>Judge: Honorable Sherilyn Peace Garnett |

## I. COUNTY DEFENDANTS' BRIEFING

Plaintiffs Claire Birgy ("Birgy") and Santa Paula Animal Rescue Center, Inc. ("SPARC") (collectively, "Plaintiffs") seek a third bite at the apple under the guise that this vicious dog case is about alleged procedural and substantive due process violations during previous hearings. Yet, the United States Supreme Court is the only federal court that may review the final judgment rendered by a state court with only a few exceptions. (*See* 28 U.S.C. § 1257(a).)

The U.S. Supreme Court and the Ninth Circuit make clear that under the *Rooker-Feldman* doctrine, District Courts do not have subject matter jurisdiction over cases alleging that a state court committed errors as opposed to misconduct by litigants leading to an erroneous judgment. (*See Miroth v. County of Trinity*, 136 F.4th 1141, 1149 (9th Cir. 2025) (internal citations and quotations omitted.)) Plaintiffs' allegations, along with their requested relief, are all intertwined with the challenged final outcome of the March 26, 2026, administrative order and the Ventura County Superior Court's (the "Superior Court") final order on *de novo* appeal, both finding the dog Bruce to be vicious and ordering Bruce's destruction.[1] Nowhere in the Complaint do Plaintiffs allege they were unable to present evidence and cross examine Defendants' witnesses during the Superior Court's *de novo* review of this vicious dog matter. While Plaintiffs assert a litany of alleged due process violations, none of these allegations show that either the administrative order or the Superior Court's final order was tainted by these alleged violations. Consequently, the District Court has no subject matter jurisdiction.

### A. The Ventura Superior Court's Ruling is Final and Conclusive

The California Food and Agriculture Code requires that notice of hearing be provided to the owner **or** keeper of the animal, and after a hearing is conducted

[1] Both Birgy and Defendants VCAS and County of Ventura attended the appeal hearing on April 15, 2026, where the Ventura Superior Court allotted thirty minutes for each party to present their evidence and arguments and ruled that the allegations in the underlying petition were true. A minute order detailing these findings was issued the same day.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

pursuant to § 31621 and a determination is made that the dog is potentially dangerous or vicious, the owner **or** keeper may appeal the decision **only** to the superior court in the jurisdiction where the hearing entity is located. (Cal. Food & Agr. Code §§ 31621 & 31622(a) (emphasis added).)[2] The court hearing the appeal shall conduct a hearing *de novo* and make its own determination as to potential danger and viciousness based on the evidence presented. (*Id.* at § 31622(b) (italics added).) Furthermore, the determination of the court hearing the appeal shall be **final** and **conclusive** upon all parties. (*Id.* at § 31624 (emphasis added); *see also* VCOC 4470-6(c).)

Here, after the underlying administrative hearing, Birgy filed a notice of appeal with the Superior Court on April 1, 2026. (*See* ECF No. 1[3] at ¶¶ 102, 104-105.) On April 15, 2026, Birgy and Defendants both presented evidence and the Superior Court concluded the allegations in Ventura County Animal Services' ("VCAS") petition were true and that Bruce qualified as a "vicious" dog. Consequently, there is no basis for Plaintiffs to re-litigate claims before the District Court.

### B. The *Rooker-Feldman* Doctrine Applies Here

As discussed above, the *Rooker-Feldman* doctrine holds the District Court lacks subject matter jurisdiction over cases alleging errors in a state court's judgment as opposed to misconduct by litigants.

In *Kougasian*, the Ninth Circuit held the District Court retained subject matter jurisdiction over the plaintiff's complaint since it alleged the defendants committed extrinsic fraud that impacted the outcome of the state court judgment, rather than alleging the judgment itself was in error. (*See Kougasian v. TMSL, Inc.,* 359 F.3d 1136 (9th Cir. 2004.) In *Benavidez*, the Ninth Circuit held the District Court had subject matter jurisdiction over the complaint since the plaintiffs alleged the defendant social

---

[2] Relevant Ventura County Ordinance Code ("VCOC") sections 4470 through 4470-18 pertaining to potentially dangerous and vicious dogs are modeled on state law in California Food and Agricultural Code section 31601 through 31683.

[3] All references to "ECF No.1" shall be in reference to the Verified Complaint filed by Plaintiffs on May 14, 2026, and the corresponding paragraph.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

workers engaged in a legal wrong preceding the issuance of a state court order that ultimately "deceived" the court into rendering the court order. (*See Benavidez v. County of San Diego*, 993 F.3d 1134 (9th Cir. 2021).)

The allegations here are inherently distinct from those in *Benavidez* and *Kougasian*. The Complaint alleges that prior to and during all of the administration hearings, there was no provision to the plaintiffs of any evidentiary or investigation materials. (*See* ECF No. 1 at ¶¶ 91, 94, and 96.) Plaintiffs also allege that the administrative hearing officer Order After Hearing did not have an "adequate stated basis for the decision" that continued ownership of the dog by Plaintiffs would create a significant threat to public health. (*See Id.* at ¶ 101.) However, Plaintiffs make no factual allegations as to how the Superior Court decision was tainted by misconduct. Plaintiffs merely allege the judicial council standard vicious dog order form MD-130 did not have an "adequate stated basis" but provides no connection between alleged due process violations and its impact on the order. This is unlike *Kougasian* where the plaintiff alleged the defendants filed a false declaration that the state court dispositively relied upon, thereby committing extrinsic fraud. (*See Kougasian v. TMSL, Inc., supra*, 359 F.3d at 1138-1139.) Here, Plaintiffs do not allege that evidence regarding Bruce's multiple previous dog bites (*See* ECF No. 1 at ¶¶ 52, 62, &74) was fraudulent, which is unlike *Kougasian* where plaintiff alleged the false declaration was presented at the last minute and they had no opportunity to challenge it. (*Id.* at 1138.) No factual allegations are presented showing the administrative decision or the Superior Court's findings were caused by any alleged misconduct. Rather, Plaintiffs dispute the outcome itself, and state that VCAS, and, by proxy, the Superior Court engaged in legal error because they applied laws specifically pertaining to vicious dog adjudications rather general laws regulating animal shelter operations in California Food and Agricultural Code §§ 17005(a), 33108, and 31754, or higher evidence standards applying in criminal matters.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

### C. The Superior Court Ruled After *De Novo* Review and There Are No Allegations of Any Due Process Violations On *De Novo* Review

Even assuming, *arguendo*, that there were alleged due process violations during the administrative hearing[4], Plaintiffs make no allegation that any such violations occurred during the Superior Court's hearing. Plaintiffs had the opportunity to present their evidence to the Superior Court on *de novo* review and argue why the petition should not be granted.[5] After considering the evidence, the Superior Court ultimately determined that Bruce met the definition of a "vicious" dog under State law and County ordinance. Therefore, Plaintiffs' reliance on alleged due process violations has no relevancy to whether the Court maintains subject matter jurisdiction over Plaintiffs' claims.

## II. CITY OF OXNARD'S BRIEFING

The City of Oxnard contends that Plaintiff's moving papers are insufficient to establish federal court jurisdiction in this matter. Plaintiffs fail to specifically allege a violation of 42 U.S.C.S. 1983, with facts showing the City violated a federally protected right. Plaintiffs' moving papers conflate the County and City's separate adminstrative processes. Oxnard City Code Chapter 5, Article I, Secs. 5-1 through 5-18 set forth the regulatory and adminstrative procedures for animal nuisance matters. Pursuant to Sec. 5-3 a member of the public may prepare a sworn written complaint detailing an animal nuisance incident. The City received two public complaints regarding separate incidents with Bruce the dog. The first incident was a serious bite injury requiring significant medical care. The second incident was a lunge and knock down. Based on these complaints, the City issued two Notice of Hearings to Plaintiff Claire Birgy. Plaintiff Birgy appeared at the first hearing and provided

[4] Defendants deny that any Plaintiffs' due process rights were violated

[5] Notwithstanding SPARC's then CEO JeanMarie Webster's testimony during the administrative hearing regarding Bruce [See Docket # 12, p. 2, lines 14-17], SPARC did not demand then, or any time prior to the Superior Court's de novo appeal hearing, to appear in hearings as Bruce's owner. In any event, if not the owner, Birgy was the keeper of Bruce with standing to appear and appeal.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

testimony. Plaintiff Birgy did not appear at the second hearing, but was allowed to submit written testimony, which she did.

The City's Hearing Officer issued the first decision on April 16, 2026, and served it on Plainitff Bixby on April 17, 2026. The second decision was issued on May 14, 2026, and served on Plaintiff Bixby on May 19, 2026. Both decisions held that Bruce was a nuisance pursuant to City Code Sec. 5-2(a)(2), which states in part "[t]he following acts constitutes a public nuisance in the city … [i]nfliction of physical injury upon any person by any animal." In each decision the Hearing Officer ordered Bruce be humanely euthanized. City Code Sec. 5-15 says a decision is final and constitutes the exhaustion of available administrative remedies to review nuisance complaints caused by animals. The required step to appeal the City's adminstrative decisions is a Writ of Mandamus pursuant to Ca. Code of Civ. Proc. § 1094.5. Plaintiff Birgy has ninty (90) days to file a Writ in Ventura Superior Court from the date the decisions were served. (Ca. Code of Civ. Proc. § 1094.6(a)).

To date, Plaintiff Birgy has not filed a Writ of Mandamus in regard to the two City admininstrative decisions. Rather, Plaintiff Birgy, in conjunction with Plaintiff SPARC, filed a Ex Parte Application in Federal Court seeking a review of the Oxnard City administrative hearing decisions. As the Court stated in its May 15, 2026, Minute Order, the *Rooker-Feldman* doctrine applies to the City. There is no state court action or judgement as to the City. Plaintiff has inapropriately filed an Ex Parte Application to seek federal review of a City municipal code and adminstrative hearing decision(s) regarding animal nuisance findings.

Plaintiffs allege their due process rights have been violated by the City, but fail to plead with specificity, required by Fed. R. Civ. P. Rule 8, what those violations are. An allegation of a due process violation requires a prima facie showing that (1) the City acted under "color of state law", and (2) the City's conduct deprived the plaintiff of a specific, federally protected right to life, liberty, or property. (*West v. Atkins*, 487 U.S. 42, 49 (1988)) Federal jurisdiction under 42 U.S.C.S. § 1983 cannot be solely based on state law or in this instance Oxnard City Code. A cause of action against a

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

municipality can only be alleged when the execution of a policy or custom violates a federally protected right. (*Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 694 (1978)). Plaintiff's moving papers do not show the City's administrative and regulatory procedures regarding animal nuisances caused a constitutional violation as to the Plaintiffs when the Hearing Officer ordered Bruce to be humanely euthanized pursuant to Oxnard City Code based on an two evidentiary hearings. Based on *Rooker-Feldman* and Plaintiff's failure to allege a federally protected right, Plaintiff's claims are improrely before this Court and must be dismissed for lack of subject matter jurisdiction as to the City of Oxnard.

**PLAINTIFFS' POSITION:**
**THIS COURT HAS SUBJECT-MATTER JURISDICTION**

This Court has subject-matter jurisdiction because Plaintiffs assert independent federal civil-rights claims under 42 U.S.C. § 1983, not a forbidden de facto appeal from the April 15, 2026 Ventura County Superior Court order. Plaintiffs do not ask this Court to decide whether Bruce is legally "vicious." Plaintiffs challenge Defendants' administrative and enforcement conduct, including alleged failures to provide constitutionally adequate notice, disclosure of the evidence, opportunity to be heard, opportunity to present witnesses and evidence, opportunity to test the evidence, adjudication of lawful non-destruction alternatives, and adjudication of SPARC's retained rights before Defendants execute an irreversible destruction order.

Plaintiffs invoke federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343. Defendants raise several objections that do not defeat jurisdiction. Challenges to pleading sufficiency — including Oxnard's arguments that Plaintiffs must better identify the federally protected right or satisfy *Monell* — are ordinarily merits issues, not jurisdictional ones. *Bell v. Hood*, 327 U.S. 678, 682 (1946). Oxnard's administrative-mandate argument is likewise not jurisdictional: exhaustion of state administrative remedies is not generally required before bringing a § 1983 action. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). To the extent the Court's order

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

raises the Anti-Injunction Act, § 1983 is an expressly authorized exception. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).

**A. Rooker-Feldman does not bar Plaintiffs' independent federal claims.**

Defendants' principal jurisdictional argument is Rooker-Feldman. That doctrine is narrow. It bars a federal district court from exercising appellate jurisdiction over a state-court judgment, but it does not bar independent federal claims merely because state-court proceedings appear in the background. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292–93 (2005); *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

The Ninth Circuit's governing rule is clear: if a federal plaintiff asserts as the legal wrong an erroneous state-court decision and seeks relief from that judgment, Rooker-Feldman bars jurisdiction; if the plaintiff asserts as the legal wrong an illegal act or omission by an adverse party, it does not. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The County cites *Miroth*, *Kougasian*, and *Benavidez*, but those cases confirm that distinction; they do not require dismissal unless Plaintiffs' alleged injury is state-court legal error. See *Miroth v. County of Trinity*, 136 F.4th 1141, 1151–52 (9th Cir. 2025); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142–44 (9th Cir. 2021).

Plaintiffs' claims fall on the permitted side of that line. Plaintiffs do not assert legal error by the Superior Court as their federal injury. Instead, they allege injury from Defendants' conduct and omissions in the administrative/enforcement sequence leading to execution of Bruce's destruction order. The de novo hearing matters because Defendants invoke it as a cure; Plaintiffs allege it did not provide constitutionally adequate process, did not review the separate Oxnard administrative proceedings, and did not adjudicate SPARC's retained rights.

The County's reliance on the de novo hearing as "final and conclusive" under Ventura County Ordinance Code § 4470-6(c) and California Food and Agricultural Code § 31624 does not resolve Rooker-Feldman. If the County's procedure allows

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

only one de novo review of a destruction order, that review must itself provide basic constitutionally adequate process. If the only available review is constitutionally inadequate, Plaintiffs have not received the review the law purports to provide. The federal claims therefore do not depend on whether Judge Borrell's ultimate conclusion about Bruce was correct; they depend on whether Plaintiffs received constitutionally adequate process before Defendants sought irreversible destruction.

**B. Plaintiffs' claims are not "inextricably intertwined" with the April 15 order, and the County's "no taint" argument goes to merits, not jurisdiction.**

The County argues that Plaintiffs' claims are intertwined with the April 15 order because relief may affect Defendants' ability to execute that order. That is not enough. The Ninth Circuit has cautioned that "inextricably intertwined" cannot be used to expand Rooker-Feldman beyond its narrow function. Noel, 341 F.3d at 1165. A claim is barred only where it succeeds "only to the extent that the state court wrongly decided the issues before it." Cooper v. Ramos, 704 F.3d 772, 779 (9th Cir. 2012).

Plaintiffs' claims do not require this Court to decide whether Bruce is legally vicious. The Court can decide whether Plaintiffs received constitutionally adequate process without deciding the dangerous-dog merits. That makes the claims independent. Overlap with a state proceeding is not the same thing as appellate review. Skinner, 562 U.S. at 532.

The County's "no taint" argument also does not defeat jurisdiction. It is a merits argument about causation and cure, not a subject-matter-jurisdiction argument. As to Birgy, Plaintiffs allege that Defendants seek to destroy Bruce after an administrative/enforcement process that was constitutionally inadequate. Those alleged defects are not collateral; they are the procedures by which any valid deprivation of Birgy's protected property and possessory interests would have to be produced. At the jurisdiction stage, Plaintiffs need not prove that each defect changed the outcome. They need only assert independent federal injuries caused by Defendants' conduct and omissions rather than by state-court legal error. They have done so.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

**C. SPARC's claims independently survive because SPARC was not a party and its rights were never adjudicated.**

SPARC's claims make the jurisdictional distinction especially clear. SPARC was not a party to the Oxnard administrative proceedings, the VCAS administrative proceeding, or the de novo hearing. SPARC was never formally noticed, served, joined, or heard as a rights-holder; nor did any proceeding adjudicate its adoption-agreement rights, retained possessory, ownership, and/or reversionary interests, Fifth Amendment contract-based property rights, right to exclude unauthorized disposition or destruction, or ability to accept Bruce back into secure custody.

Rooker-Feldman is not "preclusion by another name." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). It does not automatically bar claims by nonparties whose independent rights were not heard. The Ninth Circuit has likewise recognized that "mere participation" as amici in state proceedings does not invoke the Rooker-Feldman bar. *Bennett v. Yoshina*, 140 F.3d 1218, 1224 (9th Cir. 1998).

The County treats Jean Marie Webster's personal appearance at the VCAS administrative hearing as though it supplied SPARC with notice, participation, and waiver. It did not. Webster is a founding member and major benefactor of SPARC, and her appearance was personal and humanitarian. She was not SPARC's president, chief executive officer, officer, attorney, or authorized legal representative. SPARC is a corporate plaintiff with its own retained contractual, possessory, ownership, reversionary, and contract-based property rights. Those rights could not be adjudicated through Webster's informal appearance, and her appearance could not transform SPARC into a party, waive SPARC's rights, or bind SPARC to a proceeding in which SPARC was never formally noticed, served, joined, or heard.

The County's de novo-cure argument depends on the assumption that all relevant rights were before the administrative hearing and later before Judge Borrell. They were not. A de novo hearing involving Birgy could not cure the absence of process to SPARC unless SPARC was made a party and given an opportunity to assert its own rights. That never happened.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

**D. Oxnard's arguments do not defeat federal-question jurisdiction.**

Oxnard's argument is different from the County's. Oxnard expressly states that there is no state-court action or judgment as to the City but still invokes Rooker-Feldman. That concession matters. Rooker-Feldman applies to state-court judgments, not municipal administrative decisions. The Supreme Court has explained that Rooker-Feldman has no application to judicial review of executive action, including state administrative determinations. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

Oxnard may argue that Plaintiffs should have pursued administrative mandamus under California Code of Civil Procedure § 1094.5, that the complaint requires more detail, or that Plaintiffs must satisfy *Monell*. Those arguments may go to procedure, pleading sufficiency, or municipal liability; they do not defeat federal-question jurisdiction. Plaintiffs allege that Oxnard, acting under color of state law, conducted municipal administrative proceedings affecting protected property, possessory, retained contractual, and/or reversionary interests in Bruce and ordered Bruce destroyed without constitutionally adequate process. Those allegations invoke federal jurisdiction under § 1983.

The de novo hearing also does not cure alleged defects in Oxnard's separate administrative proceedings. That hearing arose from the VCAS administrative decision, not the Oxnard administrative decisions. Because Oxnard's proceedings were not before Judge Borrell, the April 15 order cannot supply the cure the County claims or convert Oxnard's municipal administrative decisions into state-court judgments.

Plaintiffs' claims are properly before this Court. The Court has subject-matter jurisdiction over Plaintiffs' independent § 1983 claims. Bruce is alive today because this Court preserved the status quo, and his life should not be taken before those claims are heard.

Animal Law Office
454 Las Gallinas #106
San Rafael 94903

Respectfully Submitted,

DATED: June 1, 2026

**THE ANIMAL LAW OFFICE**

By: */s/ Christine Kelly*

Christine Kelly
Attorney for Plaintiffs
SANTA PAULA ANIMAL RESCUE CENTER, INC. AND CLAIRE BIRGY, THE GUARDIANS OF CANINE COMPANION BRUCE

DATED: June 1, 2026

**CITY OF OXNARD**

By: */s/ Michelle McCarron*

Stephen M. Fischer, City Attorney
Michelle McCarron, Assistant City Atty
Attorneys for Defendant
CITY OF OXNARD

DATED: June 1, 2026

**VENTURA COUNTY COUNSEL**
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Kelly Duncan*

Marina Porche, Assistant County Counsel
Eugene P. Ramirez
Kelly Duncan
Thomas Livingston
Attorneys for Defendants
COUNTY OF VENTURA and VENTURA COUNTY ANIMAL SERVICES

# PROOF OF SERVICE
## FACSIMILE AND ELECTRONIC SERVICE (CCP § 1013b)
## SPARC VS. VENTURA COUNTY ANIMAL SERVICES et al
## Case No. 2:26-cv-05196-SPG-E

I, Christine Kelly, do hereby declare: I am over the age of 18 years and not a party to this within action. My business address is: 454 Las Gallinas Ave #106, San Rafael, CA 94903.

On the date set forth below, I served on all interested parties in this action the foregoing documents described as:

JOINT BRIEF IN RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING FOR PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO.2]

by placing a true copy and addressed as follows:

| Attorneys for Defendant Ventura County | Attorneys for Defendant Oxnard City | More Attorneys for Defendant Ventura County |
|---|---|---|
| Marina Porche<br>marina.porche@venturacounty.gov<br>tiffany.north@venturacounty.gov<br>brett.mcmurdo@venturacounty.gov | City Attorney Stephen M. Fischer and Michelle McCarron<br>city.attorney@oxnard.org<br>michelle.mccarron@oxnard.org<br>stephen.fischer@oxnard.org<br>CITY OF OXNARD<br>Office of the City Attorney<br>305 West Third Street<br>First Floor, East Wing<br>Oxnard, CA 93030<br>Facsimile: (805) 385-7423 | Eugene P. Ramirez<br>eugene.ramirez@manningkass.com<br>Kelly Duncan<br>kelly.Duncan@manningkass.com<br>Thomas Livingston<br>thomas.Livingston@manningkass.com<br>**MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**<br>801 S. Figueroa St., 15th Floor<br>Los Angeles, California 90017-3012<br>Facsimile: (213) 624-6999 |

X____BY EMAIL OR ELECTRONIC TRANSMISSION: I caused the document(s) to be sent from my email address to the addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.Executed on June 1, 2026 in Marin County, California.

C Kelly

Christine Kelly

Animal Law Office
454 Las Gallinas #106
San Rafael 94903