Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kelly Duncan (State Bar No. 216181)
*Kelly.Duncan@manningkass.com*
Thomas B. Livingston (State Bar No. 335783)
*Thomas.Livingston@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants
COUNTY OF VENTURA and
VENTURA COUNTY ANIMAL
SERVICES

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SANTA PAULA ANIMAL RESCUE CENTER, INC. AND CLAIRE BIRGY, THE GUARDIANS OF CANINE COMPANION BRUCE,

Plaintiff,

v.

VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, CITY OF OXNARD AND DOES 1-10,

Defendant.

Case No. 2:26-cv-05196-SPG-E

District Judge: Hon. Sherilyn Peace Garnett
Magistrate Judge: Hon. Charles F. Eick

**DECLARATION OF THOMAS B. LIVINGSTON IN SUPPORT OF DEFENDANTS VENTURA COUNTY AND VENTURA COUNTY ANIMAL SERVICES' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

[*Filed Concurrently with Notice of Motion and Memorandum of Points and Authorities*]

Date: August 12, 2026
Time: 1:30 p.m.
Crtm.: 5C

I, Thomas B. Livingston, declare as follows:

1. I am an attorney duly licensed to practice before all of the Courts of the State of California and counsel with the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys for Defendants VENTURA COUNTY and

VENTURA COUNTY ANIMAL SERVICES ("Defendants"). If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this declaration, except as to those matters that are stated on information and belief herein.

2. On June 3, 2026, I contacted counsel for Plaintiffs, Christine Kelly ("Ms. Kelly"), to determine her availability for a meet and confer teleconference to discuss the deficiencies with the First Amended Complaint filed June 1, 2026 (the "FAC") in compliance with Central District Court Local Rule 7-3. I also requested an extension for Defendants' responsive pleading deadline in anticipation of the Court's ruling on the parties' supplemental brief filed on June 1, 2026, pertaining to the issue of whether the Court has subject matter jurisdiction over the claims.

3. On June 5, 2026, I sent a follow-up email to Ms. Kelly to request her availability for a meet and confer teleconference and whether she would be agreeable to the extension for Defendants' responsive pleading deadline. Ms. Kelly and I were unable to come to an agreement regarding the extension, and Ms. Kelly informed me she would be available for a meet and confer teleconference on Monday, June 8, 2026, at 12:30 p.m. Thereafter, I sent a Zoom calendar invite to Ms. Kelly for a meeting at the agreed upon time.

4. On June 8, 2026, I attended the meet and confer teleconference at 12:30 p.m. utilizing the Zoom meeting link I provided Ms. Kelly. I waited in the Zoom meeting lobby until 12:45 p.m. but Ms. Kelly did not appear. I also sent an email to Ms. Kelly while I was waiting in the meeting lobby to determine whether she would still be attending the meeting and did not receive a response. After exiting the meeting, I sent Ms. Kelly a follow-up correspondence to determine if she had any availability later that day to participate in a teleconference. Shortly thereafter, Ms. Kelly informed me that she was unable to attend the previously scheduled meeting due to a prior meeting running over and was available the following morning. In response, I asked Ms. Kelly if she was available for a phone call later that afternoon and indicated my

MANNING | KASS

schedule was open. I did not receive a response from Ms. Kelly that day and was unable to participate in a meet and confer teleconference within the deadline set forth in Central District Court Local Rule 7-3.

5. On June 9, 2026, I emailed Ms. Kelly to ask if she was available to participate in a meet and confer teleconference that day despite the meet and confer deadline passing. Ms. Kelly informed me that she was available at 12:00 p.m. that day and I sent a Zoom meeting invite shortly thereafter. At 12:00 p.m., Ms. Kelly and I engaged in a meet and confer teleconference in which I outlined Defendants' legal arguments for why the Court lacked subject matter jurisdiction over the claims and why the FAC failed to state a claim upon which relief could be granted. I further outlined why these deficiencies could not be cured through subsequent amendment and requested that Defendants be dismissed from the FAC with prejudice. Ms. Kelly did not provide a response to these legal arguments and was unwilling to dismiss the Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of June, 2026, at San Diego, California.

*/s/ Thomas B. Livingston*
Thomas B. Livingston