Walter T. Clark (SBN 53303)
Dan C. Bolton (SBN 104236)
dbolton@walterclark.com
WALTER CLARK LEGAL GROUP
A Professional Corporation
71-861 Highway 111
Rancho Mirage, CA 92270
Telephone (760) 862-9254

Christine Kelly (SBN 209701)
christine@animalattorney.com
THE ANIMAL LAW OFFICE
454 Las Gallinas Avenue, Suite 106
San Rafael, CA 94903
Telephone (415) 297-3109

Attorneys for Plaintiffs, Santa Paula Animal Rescue Center, Inc. and Claire Birgy, The Guardians of Canine Companion Bruce

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| SANTA PAULA ANIMAL RESCUE CENTER, INC. and CLAIRE BIRGY, THE GUARDIAN OF CANINE COMPANION BRUCE,<br><br>Plaintiffs,<br><br>VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, CITY OF OXNARD, and DOES 1-10,<br><br>Defendants. | Case No.: 2:26-cv-05196-SPG-E<br><br>District Judge Hon. Sherilyn Peace Garnett<br>Magistrate Judge Hon. Charles F. Eick<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Motion: August 12, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C |

# TABLE OF CONTENTS

Page

I. INTRODUCTION……………………………………………………….1
II. GOVERNING LEGAL STANDARDS……………………………….….3
A. Defendants Present a Facial Challenge to Subject-Matter Jurisdiction………………………………………………………3
B. Rooker-Feldman Occupies a Narrow Jurisdictional Ground………..…………………………………………………4
C. The FAC Need Only Plead Plausible Claims and Cognizable Relief…………………………………………………………5
III. ROOKER-FELDMAN DOES NOT BAR SPARC'S CLAIMS…………6
A. SPARC Was Not a Party to the State-Court Proceeding and Is Not a State-Court Loser……………………………………………..6
B. Birgy's Participation and Appeal Did Not Make SPARC a State-Court Party or Bind SPARC for Rooker-Feldman Purposes………7
IV. SPARC ALLEGES INDEPENDENT INJURIES CAUSED BY COUNTY AND VCAS………………………………………………………8
A. The FAC Challenges Defendants' Own Acts and Omissions, Not State-Court Legal Error………………………………………8
B. Fraud or Fabricated Evidence Is Not Required to Allege Independent Adverse-Party Misconduct………………………………..10
C. The Allegations and Judicially Noticeable Record Also Support a Materially Incomplete Presentation That Omitted a Known Rights-Holder…………………………………………………...11
V. ROOKER-FELDMAN DOES NOT BAR BIRGY'S INDEPENDENT CLAIMS AGAINST COUNTY AND VCAS…………………………12

A. Birgy's Claims Based on VCAS's Administrative and Enforcement Conduct Do Not Seek Review of a State-Court Judgment………...12
B. The April 15 Allegations Address Defendants' Asserted Cure; They Do Not Require Review of the Dangerous-Dog Merits…………...15
C. The Motion Does Not Establish Dismissal of Birgy's Separately Pleaded Constitutional Claims……………………………………16
VI. CALIFORNIA'S DANGEROUS-DOG APPEAL PROVISIONS DO NOT DISPLACE ORIGINAL FEDERAL JURISDICTION OVER PLAINTIFFS' INDEPENDENT 42 U.S.C. § 1983 CLAIMS……………………………………………….……………………18
VII. THE FAC ALLEGES A CONCRETE CONTROVERSY AND REQUESTS RELIEF THE COURT CAN GRANT AGAINST COUNTY AND VCAS……………………………………………………………19
A. Both Plaintiffs Allege Immediate Federal Controversies; the Declaratory Judgment Act Is Not the Source of Jurisdiction……...19
B. County and VCAS Control the Conduct the FAC Asks the Court to Restrain……………………………………………………………20
C. The Court Can Grant Meaningful, Tailored Relief Without Reviewing Whether Bruce Was Correctly Found Vicious………..20
VIII. THE FAC PLAUSIBLY PLEADS PROCEDURAL-DUE-PROCESS CLAIMS AGAINST COUNTY AND VCAS…………………………..21
A. SPARC Plausibly Alleges a Protected Interest, Permanent Deprivation, and No Process……………………………….……21
B. Birgy Plausibly Alleges Protected Interests, Multiple Deprivations, and Constitutionally Inadequate Process………………………...23
IX. DISMISSAL WITH PREJUDICE IS UNWARRANTED…………..….24
X. CONCLUSION……………………………………………...………..25

# TABLE OF AUTHORITIES

Page

Cases

*Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227 (1937) .... 20
*Anchor Marine Repair Co. v. Magnan*, 93 Cal. App. 4th 525 (2001) .... 19
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .... 5
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .... 4, 5
*Benavidez v. County of San Diego*, 993 F.3d 1134 (9th Cir. 2021) .... 2, 10, 11, 15, 16
*Board of Regents v. Roth*, 408 U.S. 564 (1972) .... 21
*Carey v. Piphus*, 435 U.S. 247 (1978) .... 14
*Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012) .... 4
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .... 24
*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) .... 4, 5, 6, 7, 12, 19
*Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024) .... 18-19
*Johnson v. De Grandy*, 512 U.S. 997 (1994) .... 1, 5, 6
*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) .... 2, 5, 9, 10, 11, 15
*Lance v. Dennis*, 546 U.S. 459 (2006) .... 1, 4, 5, 6, 7, 19
*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) .... 3
*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) .... 24
*Los Angeles County v. Humphries*, 562 U.S. 29 (2010) .... 22, 24
*Mathews v. Eldridge*, 424 U.S. 319 (1976) .... 14, 23
*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) .... 19-20
*Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097 (9th Cir. 2008) .... 4
*Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025) .... 2, 4, 5, 9, 10, 12, 16
*Monell v. Department of Social Services*, 436 U.S. 658 (1978) .... 22, 24

*Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074 (9th Cir. 1990) ........ 24
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ................ 22
*Nelson v. Fraser*, 2020 WL 11626077 (C.D. Cal. Mar. 9, 2020)........................ 20
*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016)........................... 25
*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003).................................... 5, 8, 9, 10, 15
*Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982)................................ 18
*Roth*, 408 U.S. at 577 ........................................................................................ 21
*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ............................ 3
*Soldal v. Cook County*, 506 U.S. 56 (1992) ....................................................... 17
*T. M. v. University of Maryland Medical System Corp.*, 608 U.S. ___, ___ n.4 (2026) (slip op., at 7 n.4)................................................................ 1, 4, 5, 6, 7
*Taylor v. Sturgell*, 553 U.S. 880 (2008) ............................................................... 7
*Verizon Maryland, Inc. v. Public Service Commission*, 535 U.S. 635 (2002)..... 13

<u>Statutes</u>

28 U.S.C. § 1653...................................................................................... 24, 25
28 U.S.C. § 1738........................................................................................... 5
28 U.S.C. § 1331...................................................................................... 18, 20
28 U.S.C. § 1343...................................................................................... 18, 20
42 U.S.C. § 1983.......................................................................................... 18
California Civil Code § 655.................................................................... 21, 23
California Penal Code § 491(a) .............................................................. 21, 23
California Food and Agricultural Code § 31622 ............................................ 18
California Food and Agricultural Code § 31624 ........................................ 6, 18
F.R.C.P. 12(b)(1) ........................................................................................... 3
F.R.C.P. 12(b)(6) ...................................................................................... 5, 21
F.R.C.P. 15(a)(2)........................................................................................... 24
F.R.C.P. 54(c) ............................................................................................... 21

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' Motion rests on a premise the First Amended Complaint expressly refutes: that both Plaintiffs litigated and lost all of their claims in state court, exhausted their state appellate remedy, and now ask this Court to overturn that result. That premise is demonstrably false as to Plaintiff Santa Paula Animal Rescue Center, Inc. ("SPARC") and incomplete as to Plaintiff Claire Birgy.

Plaintiff Claire Birgy appealed the VCAS administrative order to the Ventura County Superior Court. FAC ¶ 219. SPARC did not. SPARC was not named as a party to the VCAS proceeding or the April 15, 2026 de novo hearing; was never formally noticed, served, joined, or heard as a rights-holder; and never received an adjudication of its adoption-agreement, contractual, possessory, ownership, reversionary, future, or contract-based property rights in Bruce. FAC ¶¶ 6–8, 14–17, 32–39, 53–73, 181, 187, 209–210, 216, 225–227. Yet the Motion repeatedly speaks collectively of "Plaintiffs," asserts that "Plaintiffs exhausted their right to appeal," and treats Birgy's participation as though it made SPARC a state-court litigant bound by the resulting judgment. Mot. 10:1–15. It did not.

The Supreme Court has now reaffirmed the rule that resolves this threshold issue. In *T. M. v. University of Maryland Medical System Corp.*, 608 U.S. ___, ___ n.4 (2026) (slip op., at 7 n.4), the Court explained that *Rooker-Feldman* does not apply when the federal plaintiff was not a party in state court and does not bar an action by a nonparty even if the nonparty allegedly could be considered in privity with a state-court party. See *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994); *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (per curiam). SPARC is therefore not a "state-court loser" seeking appellate review of a judgment entered against it. It seeks adjudication of its own rights for the first time.

SPARC also alleges injury from County and VCAS's own conduct, not from Judge Borrell's legal or factual determination that Bruce was "vicious." Despite knowing or having reason to know of SPARC's separate interests, Defendants allegedly took and continued custody of Bruce, failed to notice or join SPARC, pursued destruction, refused release or transfer, and now rely on the resulting order as authority to extinguish SPARC's rights permanently. FAC ¶¶ 7, 18–20, 34, 38–39, 59–73, 110–139, 175–218, 245, 263–269, 295–340. The Court can adjudicate whether Defendants may do so without constitutionally adequate process without reweighing the dangerous-dog evidence or deciding whether Judge Borrell correctly classified Bruce.

Nor must SPARC plead fabricated evidence or a completed fraud upon the court. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), and *Benavidez v. County of San Diego*, 993 F.3d 1134 (9th Cir. 2021), apply the broader distinction between injury caused by state-court legal error and injury caused by an adverse party's conduct. *Miroth v. County of Trinity*, 136 F.4th 1141, 1151–55 (9th Cir. 2025), confirms that extrinsic fraud is not indispensable. In any event, the pleaded chronology and judicially noticeable record support an alternative theory that VCAS, despite records and written notice connecting Bruce to SPARC, sought an order of destruction through a submission that identified Birgy and Krasnoff but omitted SPARC, its adoption agreement, its asserted rights, and its availability as a return or non-destruction option. FAC ¶¶ 127–128, 176–192. That theory likewise concerns Defendants' knowledge, omissions, and litigation conduct—not legal error by the state court.

Birgy's position is different because she appealed the VCAS administrative order and participated in the April 15 de novo hearing. But that fact does not convert every claim she pleads into an appeal from Judge Borrell's ruling. The

FAC alleges independent injuries caused by County and VCAS before and after that judgment: obtaining and continuing custody of Bruce, proceeding through the VCAS process without timely and adequate disclosure of the evidentiary case, denying a meaningful opportunity to prepare and present material witnesses and evidence, refusing release or transfer, and continuing to threaten irreversible destruction. FAC ¶¶ 110–139, 182–203, 263–269, 295–327, 341–373. The allegations concerning April 15 explain why Defendants' asserted de novo "cure" did not eliminate those earlier and continuing injuries; they need not be treated as a request for this Court to decide whether Bruce was correctly found vicious.

The Motion should therefore be denied. SPARC's claims independently defeat dismissal because SPARC was never a state-court party. Birgy likewise pleads claims arising from County and VCAS's own administrative, custodial, and enforcement conduct. If the Court concludes that any allegation directed solely to state-court error, plaintiff configuration, or requested remedy requires narrowing or clarification, the proper course is to address that discrete issue and permit amendment—not dismiss the entire First Amended Complaint with prejudice.

## II. GOVERNING LEGAL STANDARDS

### A. Defendants Present a Facial Challenge to Subject-Matter Jurisdiction.

A Rule 12(b)(1) challenge may be facial or factual. A facial challenge accepts the complaint's factual allegations but contends they are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). Defendants present no evidence controverting the FAC's jurisdictional allegations; their declaration concerns only the prefiling conference. The Motion therefore presents a facial challenge.

A Rule 12(b)(6) motion to dismiss should be denied where a complaint states a claim for relief "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the Court "must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) "Dismissal under 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). The Court does not weigh competing evidence or resolve disputed jurisdictional facts. Plaintiffs' FAC is well within these legal standards, and therefore the Motion should be denied.

**B. Rooker-Feldman Occupies a Narrow Jurisdictional Ground.**

The *Rooker-Feldman* doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal action and inviting federal district-court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283–84 (2005); *T. M.*, 608 U.S. at ___ (slip op., at 7–8). Thus, the doctrine applies only when the federal plaintiff lost in state court, alleges injury caused by the state judgment itself, filed after that judgment, and asks the district court to review and reject it. *Exxon Mobil*, 544 U.S. at 284.

The doctrine does not apply merely because a federal action relates to a state proceeding, involves overlapping issues, denies a legal conclusion reached by a state court, or may affect the practical consequences of a state judgment. *Id.* at 292–93; *Miroth*, 136 F.4th at 1148–56. Nor is *Rooker-Feldman* "preclusion by another name." *Lance*, 546 U.S. at 466. Preclusion is a separate merits inquiry governed by 28 U.S.C. § 1738 and state law. *Exxon Mobil*, 544 U.S. at 293.

The doctrine likewise does not bar an action by a federal plaintiff who was not a party to the state-court judgment—even if that nonparty allegedly could be considered in privity with a state-court party. *T. M.*, 608 U.S. at ___ n.4 (slip op., at 7 n.4); *Johnson*, 512 U.S. at 1006; *Lance*, 546 U.S. at 466. A nonparty is not a state-court loser and was not positioned to seek Supreme Court review of the judgment.

Finally, the Court must identify the source of the alleged injury and the relief sought. The doctrine applies only when the plaintiff asserts state-court legal error as the source of injury and seeks appellate review of the resulting judgment. *Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003); *Miroth*, 136 F.4th at 1148–55. It does not apply when the alleged wrong is an act or omission by an adverse party, even if that conduct preceded, influenced, or produced consequences reflected in a later state-court order. *Miroth*, 136 F.4th at 1151–56; *Kougasian*, 359 F.3d at 1140–42.

**C. The FAC Need Only Plead Plausible Claims and Cognizable Relief.**

Under Rule 12(b)(6), the Court accepts well-pleaded allegations as true and construes them in the light most favorable to the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC need not prove Plaintiffs' claims or establish entitlement to every requested remedy; it need only plead facts supporting a reasonable inference of liability and some cognizable relief. Id.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007). Defendants' assertions that SPARC has not proved its retained rights, that Birgy has not shown the alleged procedural defects changed the outcome, or that Plaintiffs have not established causation present merits questions. They do not permit the Court to disregard the FAC's allegations or collapse all claims into a forbidden appeal.

## III. ROOKER-FELDMAN DOES NOT BAR SPARC'S CLAIMS

### A. SPARC Was Not a Party to the State-Court Proceeding and Is Not a State-Court Loser.

The threshold inquiry is whether the federal plaintiff is a state-court loser complaining of injury caused by a state judgment and seeking district-court review and rejection of that judgment. *Exxon Mobil*, 544 U.S. at 284. The FAC alleges that SPARC was not a party to the VCAS proceeding or April 15 de novo hearing; was never noticed, served, joined, or heard as a rights-holder; received no adjudication of its adoption-agreement, contractual, possessory, reversionary, future, or contract-based property rights; and did not appeal the VCAS order. Birgy did. FAC ¶¶ 7, 34, 63–65, 72, 149, 156, 181, 187, 209–210, 216, 219, 225–227.

Defendants nevertheless assert that "Plaintiffs exhausted their right to appeal" and "invoked their right to appeal to the only court maintaining jurisdiction over the administrative hearing." Mot. 10:1–15. The FAC pleads the opposite as to SPARC. Birgy exercised her statutory right as the person against whom the administrative order was entered. SPARC never invoked that appeal, was not a party to it, and had no adjudication from which it could appeal.

*T. M.* confirms that this distinction is dispositive. The Supreme Court reaffirmed that *Rooker-Feldman* does not apply where the federal plaintiff was not a party in state court and that alleged privity cannot extend the doctrine to a nonparty. 608 U.S. at ___ n.4 (slip op., at 7 n.4); *Lance*, 546 U.S. at 466; see also *Johnson*, 512 U.S. at 1006. SPARC is not asking this Court to exercise appellate jurisdiction over a judgment entered against it. It asks the Court to adjudicate rights that were never placed before, litigated in, or decided by the state tribunal. FAC ¶¶ 63–73, 216, 225–227.

California Food and Agricultural Code section 31624 does not change the

result. It provides that the superior court's determination is "final and conclusive upon all parties." SPARC was not a party. The statute does not transform a nonparty into a litigant, supply missing notice and joinder, or adjudicate independent rights never presented. The Motion should be denied on that basis alone as to SPARC.

**B. Birgy's Participation and Appeal Did Not Make SPARC a State-Court Party or Bind SPARC for Rooker-Feldman Purposes.**

Footnote 4 in Defendants' Motion does not contend that SPARC was named, served, joined, or afforded the procedural rights of a party. Instead, Defendants argue that they had no duty to notify SPARC and that Birgy could represent SPARC's interests because of alleged contractual "privity." Neither contention establishes a *Rooker-Feldman* bar. Whether Defendants were constitutionally required to notify SPARC goes to the merits of SPARC's due-process claim, not whether SPARC was a state-court loser. And *T. M.* and *Lance* make clear that alleged privity cannot convert a nonparty into one for jurisdictional purposes.

Whether a nonparty may later face claim or issue preclusion is a distinct merits question governed by different standards and exceptions. See *Exxon Mobil*, 544 U.S. at 293; *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008). The County cannot turn a possible preclusion argument into a jurisdictional bar merely by invoking "privity."

The FAC does not allege that Birgy was SPARC's agent, attorney, designated representative, or litigation proxy. It alleges separate rights held by two different parties and pleads their interests in the alternative. FAC ¶¶ 16–17, 50–61, 78–86. SPARC's asserted rights arise from its rescue of Bruce and written adoption agreement—including notice, return, recovery, reversion, resumed custody, and exclusion of unauthorized disposition or destruction—and differ in source and

scope from Birgy's interests as adopter, owner, guardian, keeper, or person from whom Bruce was taken. FAC ¶¶ 5, 12–17, 50–61, 53–60, 74–86. Alternative pleading under Rule 8(d) does not establish that one plaintiff represented the other or that their interests were identical.

Whether Defendants were required to investigate Webster's authority is beside the point; Plaintiffs do not allege that her personal attendance constituted an appearance by SPARC. Nor may the government extinguish one entity's rights through litigation against someone else merely because both interests relate to the same property. No legally recognized basis for binding SPARC appears from the FAC, and none can be presumed on a facial motion to dismiss. Any *Rooker-Feldman* issue unique to Birgy would not permit dismissal of SPARC's separate claims.

Defendants' invocation of "inextricably intertwined" adds nothing. In the Ninth Circuit, that phrase is relevant only after the Court first identifies a forbidden de facto appeal; it is not a freestanding basis for jurisdictional dismissal. *Noel*, 341 F.3d at 1165. Because no such appeal exists as to SPARC, any overlap with the April 15 order raises, at most, ordinary preclusion questions—not a *Rooker-Feldman* bar.

## IV. SPARC ALLEGES INDEPENDENT INJURIES CAUSED BY COUNTY AND VCAS

### A. The FAC Challenges Defendants' Own Acts and Omissions, Not State-Court Legal Error.

The Motion isolates allegations concerning the hearings and declares that the FAC complains only of error by the administrative officer and Superior Court. Mot. 7:1–9:25. That characterization disregards the pleading as a whole.

The FAC alleges that County and VCAS:

- directed or induced Birgy's family to bring Bruce into VCAS custody without informed, voluntary consent and before his scheduled veterinary appointment, and then took and continued physical custody of him, FAC ¶¶ 110–139, 299–305;
- knew or had reason to know that Bruce originated from SPARC and that SPARC asserted legally relevant rights in his disposition, FAC ¶¶ 59, 127–128, 176–180, 188–192;
- failed to notify, serve, join, or hear SPARC as a rights-holder, and failed to obtain adjudication of SPARC's rights before pursuing destruction, FAC ¶¶ 7, 34, 63–73, 175, 181–187, 209–218, 225–227;
- refused or failed to release Bruce to asserted non-destruction alternatives, FAC ¶¶ 36, 137–139, 270–294, 299–305; and
- continue to possess Bruce and rely on the April 15 order as authority to destroy him, FAC ¶¶ 245, 263–269.

Those alleged injuries did not originate in a legal ruling by Judge Borrell. The failure to provide SPARC notice, joinder, and an opportunity to assert its rights occurred before the state-court order; Defendants' continued detention of Bruce and threatened extinction of SPARC's rights continue after it. The proceeding appears in the FAC because Defendants invoke it as authority for their present conduct and as a purported cure for process never provided to SPARC. FAC ¶¶ 41–45, 223–245, 268–269.

That is not a forbidden appeal. The Ninth Circuit distinguishes a claim asserting "an allegedly erroneous decision by a state court" from one asserting "an allegedly illegal act or omission by an adverse party." *Noel*, 341 F.3d at 1164; *Kougasian*, 359 F.3d at 1140. In *Miroth*, the court held that *Rooker-Feldman* did not bar claims alleging that county defendants failed to take required actions, made

misrepresentations, concealed known facts, and committed other misconduct preceding state-court orders. 136 F.4th at 1151–55. The state order's place in the causal sequence did not convert adverse-party conduct into state-court legal error.

The same distinction applies here. SPARC need not show that Judge Borrell wrongly found Bruce vicious to establish that Defendants never afforded SPARC process before seeking permanently to extinguish its independent rights. The Court may accept the dangerous-dog determination as part of the procedural history while deciding whether County and VCAS may rely on that proceeding as though it also adjudicated a nonparty's rights.

**B. Fraud or Fabricated Evidence Is Not Required to Allege Independent Adverse-Party Misconduct.**

The Motion attempts to turn *Kougasian* and *Benavidez* into a requirement that Plaintiffs allege fabricated evidence, extrinsic fraud, or affirmative deception of the tribunal. Mot. 6:11–9:25. Neither those decisions nor *Miroth* impose such a requirement. *Kougasian* held that the doctrine does not bar a claim where the alleged wrong is an adverse party's misconduct rather than state-court error; *Benavidez* applied the same principle to county officials' alleged misrepresentations and omissions. 359 F.3d at 1140–42; 993 F.3d at 1142–44.

*Miroth* expressly rejected the proposition that extrinsic fraud is the exclusive means of avoiding *Rooker-Feldman*. 136 F.4th at 1151–55. Fraud may demonstrate especially clearly that the alleged wrong was committed by an adverse party, but the controlling inquiry remains the source of the injury. An unlawful act or omission by an opposing party does not become state-court legal error simply because it occurred in litigation or influenced later governmental action. *Id.*; *Noel*, 341 F.3d at 1164.

SPARC's primary theory therefore does not depend on proving fraud or

fabricating the dangerous-dog record. It alleges that Defendants, with knowledge of SPARC's asserted rights, proceeded toward irreversible destruction without providing SPARC notice, joinder, a hearing, or adjudication. FAC ¶¶ 7, 34, 38–39, 59–73, 176–192, 209–210, 225–227. Those are acts and omissions attributed to Defendants, and SPARC need not prove that evidence concerning Bruce's incidents was false to plead that separate wrong.

**C. The Allegations and Judicially Noticeable Record Also Support a Materially Incomplete Presentation That Omitted a Known Rights-Holder.**

Even if deception analogous to *Kougasian* or *Benavidez* were required—and it is not—the pleaded chronology and state-court record provide an alternative basis for independent adverse-party misconduct. VCAS's February 23 records state that the owner reported certain medical records were from Mission Animal Hospital and "everything else was from SPARC," and that VCAS called SPARC to request records. FAC ¶¶ 127–128, 176–177. VCAS nevertheless pursued its destruction petition against Birgy and Krasnoff without naming, noticing, serving, or joining SPARC. FAC ¶¶ 175, 181–187.

VCAS received additional direct written notice before the administrative decision. On March 24, Krasnoff wrote that if VCAS refused a proposed private placement, Bruce should be relinquished to the rescue from which he had been adopted—SPARC. FAC ¶¶ 188–192. The administrative order issued two days later without SPARC being made a party or receiving an adjudication of its rights. FAC ¶¶ 209–218.

By the time VCAS submitted its April 8 brief in the de novo proceeding, it possessed both its own records connecting Bruce to SPARC and Krasnoff's written statement identifying SPARC's role in Bruce's disposition. Yet the submission described Bruce as "belonging to" Birgy and Krasnoff, requested destruction, and

did not identify SPARC, its adoption agreement, its asserted rights, or its availability as a return or non-destruction option. RJN, Ex. A at 2:2, 8:3-5.

The point is not that a litigant must volunteer every favorable fact. Defendants allegedly identified the persons whose interests were subject to adjudication and requested an order that would permanently extinguish every ownership, possession, return, recovery, and disposition interest attached to Bruce, while omitting a known entity asserting such rights. That concerns what Defendants knew, whom they chose to name, what they presented, and whose rights they omitted—not whether Judge Borrell misunderstood the law or evidence.

*Miroth* recognizes that allegations of concealed facts, material omissions, or a misleading presentation to a state tribunal assert misconduct by adverse parties, not legal error by the court. 136 F.4th at 1151–55. The FAC alleges Defendants' knowledge and material omission. If the Court requires additional specificity concerning the April 8 submission, the appropriate remedy is leave to amend—not dismissal with prejudice.

## V. ROOKER-FELDMAN DOES NOT BAR BIRGY'S INDEPENDENT CLAIMS AGAINST COUNTY AND VCAS

### A. Birgy's Claims Based on VCAS's Administrative and Enforcement Conduct Do Not Seek Review of a State-Court Judgment.

Birgy's procedural position differs from SPARC's: she was a party to the April 15 proceeding and the order was adverse to her. But that satisfies only the first part of the narrow Rooker-Feldman inquiry. The doctrine applies only if the federal plaintiff also complains of injury caused by the state-court judgment itself and asks the district court to review and reject that judgment. *Exxon Mobil*, 544 U.S. at 284; *Miroth*, 136 F.4th at 1148–55. The Motion does not establish those

requirements as to every claim Birgy pleads.[1]

The VCAS proceeding and VCAS's own conduct are administrative and executive action, not a state-court judgment. Rooker-Feldman does not govern direct review of executive action, including determinations by a state administrative agency. *Verizon Maryland, Inc. v. Public Service Commission*, 535 U.S. 635, 644 n.3 (2002). Birgy's claims against these moving Defendants arise from VCAS's own seizure, detention, disclosure, administrative, and enforcement conduct. She does not ask this Court to sit as another statutory appellate tribunal and decide that the evidence required a different dangerous-dog classification. She alleges that County and VCAS violated federal rights through their own conduct in obtaining, holding, processing, and seeking permanently to destroy Bruce.

Specifically, the FAC alleges that County and VCAS directed or induced Bruce's entry into VCAS custody without informed, voluntary consent; took and continue to detain him; prepared an 89-page evidentiary packet that Birgy allegedly did not receive in time to investigate and answer; proceeded without affording adequate time to prepare; conducted a remote hearing at which technical and access problems prevented two material witnesses from appearing; failed to afford an adequate opportunity to present and test material evidence; refused release or transfer; and continue to seek destruction. FAC ¶¶ 110–139, 182–203, 263–269, 299–305, 313–319. The FAC also alleges that the VCAS order imposed a separate three-year prohibition on Birgy's owning, controlling, or having custody of any dog. FAC ¶ 324. Those alleged injuries and deprivations are attributed to County and VCAS, not to a legal ruling by the Superior Court.

The Motion answers that Birgy knew the general subject of the VCAS

1 The separate claims arising from the Oxnard proceedings are asserted against the City of Oxnard, which has not joined this Motion. The FAC further alleges that Birgy's April 15 de novo hearing arose from the VCAS order and did not review the separate Oxnard determinations. FAC ¶¶ 171–174, 221–223.

hearing, attended it, identified witnesses, and does not allege that she was wholly barred from speaking, questioning witnesses, or challenging evidence. Mot. 8:4–26. But general awareness that VCAS sought a vicious-dog determination is not the same as timely disclosure of the evidentiary case or a meaningful opportunity to investigate, prepare, present material witnesses and evidence, and test the government's proof. Due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The FAC expressly alleges deficiencies in disclosure, preparation, witness presentation, and evidence testing. FAC ¶¶ 184–203, 314–319. On a facial motion, the Court cannot infer unpleaded opportunities, accept Defendants' factual denial of the allegations, or decide how adequate the process was on a disputed record.

The County also argues that the FAC does not explain how its conduct produced an "erroneous ruling." Mot. 8:4–13. That formulation confuses the jurisdictional source-of-injury inquiry with the ultimate merits and measure of damages. A procedural-due-process claim concerns the denial of constitutionally required procedure; it is not jurisdictionally dependent on proving at the pleading stage that the tribunal necessarily would have reached the opposite result. See *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978). In any event, the FAC alleges that the excluded or unavailable evidence and witnesses were material to Bruce's behavior, handling, emotional state, placement options, structured care, and non-destruction alternatives, and that the procedures created an unacceptable risk of erroneous and irreversible deprivation. FAC ¶¶ 196–203, 317–319, 354–355. Whether Birgy ultimately proves causation, prejudice, or compensable injury is not a *Rooker-Feldman* question.

Nor must Birgy allege fabricated evidence, conceal the hearing's general

purpose, or fit the precise facts of *Kougasian* or *Benavidez*. *Miroth* confirms that those cases apply the broader distinction between state-court error and an adverse party's own illegal acts or omissions; extrinsic fraud is not the exclusive route around *Rooker-Feldman*. 136 F.4th at 1151–55. The FAC attributes the alleged nondisclosure, inadequate administrative process, custody, refusal of release, and threatened enforcement to County and VCAS. And "inextricably intertwined" does not independently expand the doctrine: the phrase comes into play only after a forbidden de facto appeal has first been identified. *Noel*, 341 F.3d at 1165.

Thus, Birgy's claims based on VCAS's own pre-judgment and continuing conduct do not become appeals from a state-court judgment merely because the administrative determination was later reviewed in state court. Ordinary merits, causation, preclusion, and remedy questions may remain; they do not eliminate subject-matter jurisdiction over claims whose alleged source is Defendants' own conduct.

**B. The April 15 Allegations Address Defendants' Asserted Cure; They Do Not Require Review of the Dangerous-Dog Merits.**

The County separately argues that the allegations concerning time limits, witness presentation, and the refusal to reopen the April 15 hearing complain only of conduct by the Superior Court. Mot. 9:1–24. The opposition need not—and does not—rest Birgy's surviving claims on a request that this Court review Judge Borrell's evidentiary or case-management rulings or decide that Bruce should not have been found vicious.

The FAC alleges the April 15 circumstances principally because Defendants contend that de novo review supplied a complete cure for every earlier deprivation. FAC ¶¶ 219–241, 319, 348. Whether a later proceeding cured alleged nondisclosure, inadequate preparation, witness-access problems, or other defects

in the County process is a merits question about the sufficiency and causal effect of the procedures Birgy received. It does not transform the alleged preexisting acts of County and VCAS into legal errors committed by the state court. Nor does it erase the separate allegations that Defendants obtained and continue to hold Bruce, refused release or transfer, pursued destruction, and now seek to execute the order. FAC ¶¶ 110–139, 263–305.

The judicial proceeding therefore may be part of the factual and causal sequence without becoming the exclusive source of Birgy's claimed injuries. *Benavidez* held that alleged governmental wrongs preceding a state order did not become immune from federal scrutiny because the order formed an intermediate step. 993 F.3d at 1143. *Miroth* likewise focuses on whether the operative claim asserts an adverse party's misconduct and seeks relief for that misconduct, rather than relief from state-court legal error. 136 F.4th at 1151–55. Birgy's independent claims may be adjudicated on that basis without asking this Court to reconsider the dangerous-dog evidence.

If the Court concludes that any particular allegation or requested declaration can be read only as asserting that Judge Borrell himself violated Birgy's rights, that discrete theory can be narrowed or omitted. It would not justify dismissal of Birgy's separate claims based on County and VCAS conduct; it would have no effect on SPARC's independent claims; and it would not support dismissal of the entire FAC with prejudice.

**C. The Motion Does Not Establish Dismissal of Birgy's Separately Pleaded Constitutional Claims.**

The Motion seeks dismissal of the entire FAC but does not analyze each constitutional claim pleaded by Birgy. Beyond its *Rooker-Feldman* and no-relief premises, it supplies no claim-specific basis for eliminating allegations directed to

County and VCAS's own custody, detention, procedures, continuing enforcement, and municipal policies.

The First Cause of Action alleges an unreasonable seizure and continuing interference with Birgy's possessory interests: County and VCAS allegedly obtained and retained custody without informed voluntary consent, continued detention, refused release or transfer, and threaten permanent destruction. FAC ¶¶ 295–307. A seizure of property occurs when government meaningfully interferes with possessory interests. *Soldal v. Cook County*, 506 U.S. 56, 61 (1992). Those alleged executive acts began before the April 15 judgment and continue afterward; they are not created solely by that judgment.

The Second and Fourth Causes of Action allege deprivation of Birgy's ownership and possessory interests without timely disclosure, adequate preparation, a meaningful opportunity to present material witnesses and evidence, or constitutionally sufficient procedures as applied. FAC ¶¶ 308–327, 341–358. They also identify the threatened destruction of Bruce and the three-year prohibition on Birgy's owning or controlling any dog as distinct deprivations. FAC ¶¶ 313, 324, 350, 352. The municipal-liability allegations attribute those injuries to County and VCAS policies, practices, delegated authority, final decisions, omissions, and ratification. FAC ¶¶ 359–373.

Whether those claims ultimately succeed is a merits question. The County cannot obtain dismissal of all of them by characterizing every alleged injury as state-court error while leaving the FAC's allegations of its own seizure, detention, administrative, enforcement, and policy-based conduct unaddressed.

## VI. CALIFORNIA'S DANGEROUS-DOG APPEAL PROVISIONS DO NOT DISPLACE ORIGINAL FEDERAL JURISDICTION OVER PLAINTIFFS' INDEPENDENT 42 U.S.C. § 1983 CLAIMS

Defendants argue that California Food and Agricultural Code sections 31622 and 31624 provide the exclusive means for challenging the VCAS determination and that "Plaintiffs" exhausted that remedy through the Superior Court appeal. Mot. 10:1–11:5. That argument again collapses distinct procedural positions and confuses statutory appellate review of the dangerous-dog merits with original federal jurisdiction over independent civil-rights claims.

Birgy appealed under section 31622. SPARC did not; it was not a party to the VCAS proceeding or de novo hearing and had no adjudication from which to appeal. FAC ¶¶ 63–65, 181, 209–210, 216, 219, 225–227. Section 31624 makes the Superior Court determination "final and conclusive upon all parties." That language neither makes SPARC a party nor supplies notice and joinder that never occurred.

As to Birgy, sections 31622 and 31624 establish the route and finality of the statutory appeal concerning whether Bruce was properly classified as vicious. She does not invoke this Court as another section 31622 appellate tribunal. She invokes 28 U.S.C. §§ 1331 and 1343 to litigate claims under 42 U.S.C. § 1983 based on County and VCAS's own alleged seizure, administrative, custodial, and enforcement conduct. Completion of the state statutory appeal does not enlarge Rooker-Feldman or withdraw original federal-question jurisdiction over claims that do not seek review and rejection of the dangerous-dog merits.

A plaintiff ordinarily need not exhaust state administrative or judicial remedies before bringing a § 1983 action. *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 500–01, 516 (1982); *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1156

(9th Cir. 2024) (quoting *Knick v. Township of Scott*, 588 U.S. 180, 185 (2019)). The fact that Birgy did pursue the available state remedy does not convert independent federal claims into an appeal; the source of injury and relief sought remain controlling. Any preclusive effect of the state judgment is a separate merits inquiry, not a jurisdictional consequence of section 31624. *Exxon Mobil*, 544 U.S. at 293; *Lance*, 546 U.S. at 466.

*Anchor Marine Repair Co. v. Magnan*, 93 Cal. App. 4th 525 (2001), addresses appellate jurisdiction within California's court system. It does not hold that a state appeal statute withdraws federal-question jurisdiction over independent constitutional claims. The Food and Agricultural Code therefore does not support dismissal of SPARC's claims or Birgy's claims based on County and VCAS conduct.

## VII. THE FAC ALLEGES A CONCRETE CONTROVERSY AND REQUESTS RELIEF THE COURT CAN GRANT AGAINST COUNTY AND VCAS

### A. Both Plaintiffs Allege Immediate Federal Controversies; the Declaratory Judgment Act Is Not the Source of Jurisdiction.

An actual controversy exists because County and VCAS possess Bruce, have refused release or transfer, rely on the April 15 order as authority to destroy him, and dispute Plaintiffs' asserted rights. SPARC alleges unadjudicated contractual and property rights; Birgy alleges ownership and possessory interests and constitutional injuries arising from Defendants' custody, procedures, and threatened destruction. FAC ¶¶ 14–20, 53–86, 110–139, 176–192, 245, 263–305, 310–324, 330–338. Bruce remains in Defendants' custody, and the existing federal restraint is the only order preventing irreversible destruction. These adverse interests are immediate and concrete. *MedImmune, Inc. v. Genentech, Inc.*, 549

U.S. 118, 127 (2007); *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). The FAC invokes 28 U.S.C. §§ 1331 and 1343 and pleads substantive claims under 42 U.S.C. § 1983; the Declaratory Judgment Act supplies a remedy, not jurisdiction. FAC ¶¶ 26–29, 295–373.

**B. County and VCAS Control the Conduct the FAC Asks the Court to Restrain.**

The FAC alleges that VCAS is responsible for Bruce's detention, release, enforcement, and destruction; obtained and retains custody; initiated and prosecuted the destruction petition; refused release or transfer; scheduled destruction; and continues to hold Bruce under the April 15 order. FAC ¶¶ 18–20, 125–139, 175–183, 245, 263–269, 299–305. The County allegedly acts through VCAS and its officials, policies, delegated authority, final decisions, and ratification. FAC ¶¶ 18–23, 359–373. Thus, unlike *Nelson v. Fraser*, 2020 WL 11626077 (C.D. Cal. Mar. 9, 2020), the challenged conduct is attributed directly to the moving Defendants, which can comply with relief governing Bruce's preservation, care, access, or destruction.

**C. The Court Can Grant Meaningful, Tailored Relief Without Reviewing Whether Bruce Was Correctly Found Vicious.**

The Court can decide whether SPARC possesses protected rights and whether Defendants may destroy Bruce without providing process, and it may adjudicate Birgy's claims for damages and prospective relief arising from Defendants' alleged seizure, detention, administrative, and enforcement conduct. It need not find Bruce non-vicious, reweigh the April 15 evidence, direct Judge Borrell to reopen the proceeding, or rewrite California law.

The FAC requests declarations and prospective restraints directed to Defendants, preservation of Bruce and evidence, qualified care and access,

possible transfer, and damages for alleged constitutional injuries. FAC Prayer ¶¶ 1–18. Objections to the breadth of particular remedies do not establish that no relief exists; F.R.C.P. Rule 54(c) permits tailored relief, including damages for proven independent injuries and preservation of Bruce while those claims are resolved.

## VIII. THE FAC PLAUSIBLY PLEADS PROCEDURAL-DUE-PROCESS CLAIMS AGAINST COUNTY AND VCAS

Defendants seek dismissal of the entire FAC with prejudice but do not separately analyze the elements of each Plaintiff's procedural-due-process claim. Their Rule 12(b)(6) argument instead depends on the assertions that Defendants committed no relevant conduct and that no relief is available. Both premises fail.

To state a procedural-due-process claim, a plaintiff must plausibly allege a protected property interest and a deprivation of that interest without constitutionally adequate process. See *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 577 (1972). The FAC alleges those elements as to both Plaintiffs.

### A. SPARC Plausibly Alleges a Protected Interest, Permanent Deprivation, and No Process.

First, SPARC alleges legally protected interests arising from California law and its written adoption agreement with Birgy. California law recognizes domestic animals as personal property. Cal. Civ. Code § 655; Cal. Penal Code § 491(a). The FAC alleges that the agreement retained in SPARC specific rights in Bruce himself, including rights of notice, return, recovery, resumed custody, forfeiture or reversion, first refusal, and exclusion of unauthorized disposition or destruction. FAC ¶¶ 53–60, 74–86, 312, 330–334. Property interests protected by procedural due process arise from independent sources that secure a specific benefit and support a legitimate claim of entitlement. *Board of Regents v. Roth*. Here, California property law and the written agreement are the alleged sources of

SPARC's entitlement. The FAC therefore plausibly alleges a protected property interest.

Second, the FAC alleges a threatened permanent deprivation. County and VCAS possess Bruce and intend to destroy him, which would destroy the specific property to which SPARC's alleged rights attach and permanently extinguish those rights. FAC ¶¶ 60, 62, 269, 304, 334–339. Unlike temporary detention, destruction cannot be reversed through later process.

Third, the FAC alleges that no process was provided to SPARC. It was not named, served, joined, treated as a party, supplied the petition or evidentiary record, allowed to present its adoption agreement or assert its return, recovery, and placement rights as a rights-holder, or given findings adjudicating its interests. FAC ¶¶ 63–73, 181, 187, 209–210, 216, 225–227, 320–323, 333. Due process requires notice reasonably calculated to apprise an affected person of the proceeding and an opportunity to present objections before protected interests are extinguished. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Finally, the FAC attributes the alleged deprivation to County and VCAS. It identifies their custody and enforcement authority, knowledge of SPARC's asserted interests, failure to include SPARC in the process, pursuit of destruction, and continued reliance on the resulting order. FAC ¶¶ 18–20, 59, 125–139, 175–192, 245, 263–269, 321–323, 332–339. It also alleges official policies, practices, procedures, delegated authority, final decisions, and ratification supporting municipal liability. FAC ¶¶ 23, 359–373. See *Monell*, 436 U.S. at 690–91; *Los Angeles County v. Humphries*, 562 U.S. 29, 36–37 (2010). Those allegations plausibly state a procedural-due-process claim against the governmental entities that control whether Bruce lives or is destroyed.

**B. Birgy Plausibly Alleges Protected Interests, Multiple Deprivations, and Constitutionally Inadequate Process.**

First, the FAC alleges that Birgy holds protected ownership and possessory interests arising from California property law, the adoption relationship, her status and treatment as Bruce's owner, guardian, keeper, or responsible person, and the proceedings directed against her. FAC ¶¶ 5, 12–17, 50–61, 297, 310–311. California law recognizes companion animals as personal property. Cal. Civ. Code § 655; Cal. Penal Code § 491(a). The FAC therefore alleges more than an abstract concern for Bruce; it alleges interests to which due-process and Fourth Amendment protections attach.

Second, County and VCAS allegedly deprived and threaten to deprive Birgy of those interests by obtaining and continuing custody of Bruce, refusing release or transfer, substantially interfering with possession, and seeking permanent destruction. FAC ¶¶ 299–305, 313, 325–327. The FAC also alleges a separate three-year prohibition on Birgy's owning, controlling, or having custody of any dog. FAC ¶¶ 324, 352. Destruction would be irreversible, and the FAC treats the additional prohibition as a separate deprivation directed personally to her.

Third, the FAC alleges constitutionally inadequate process: untimely or incomplete disclosure of the 89-page evidentiary packet, inadequate time and information to prepare a response, inability to present two material witnesses because of remote-access and technical problems, inadequate opportunity to present and test material evidence, and a later proceeding that allegedly did not cure those defects because it was severely time-limited and did not permit adequate presentation of witnesses, evidence, or alternatives. FAC ¶¶ 184–203, 314–319, 344–355. Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews*, 424 U.S. at 333. Accepting

the allegations as true, the FAC plausibly alleges that the process provided was not meaningful in relation to the permanent interests at stake.

Finally, the FAC attributes those alleged deprivations to County and VCAS's custody and enforcement authority, administrative acts and omissions, policies, practices, procedures, delegated authority, final decisions, failures to train or supervise, and ratification. FAC ¶¶ 18–23, 299–305, 313–327, 341–373. See *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978); *Los Angeles County v. Humphries*, 562 U.S. 29, 36–37 (2010). Those allegations plausibly state a procedural-due-process claim against the governmental entities responsible for the challenged conduct.

## IX. DISMISSAL WITH PREJUDICE IS UNWARRANTED

Defendants ask the Court to dismiss County and VCAS with prejudice on the theory that amendment could not cure the asserted defects. Mot. 14:1–10. Leave to amend must be freely given, and dismissal without leave is proper only when amendment could not save the pleading. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). Judge Garnett's Standing Order likewise states that "the Ninth Circuit requires that this policy favoring amendment be applied with 'extreme liberality,'" citing *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). Standing Order at 12–13.

Defendants have not shown futility. Their request rests on the same jurisdictional and remedial arguments addressed above and does not establish that amendment could not cure any defect the Court might identify. If a theory unique to Birgy is construed as challenging state-court legal error, that theory can be narrowed or omitted without eliminating her independent claims based on County and VCAS conduct and without affecting SPARC. Section 1653 separately permits

amendment of defective jurisdictional allegations where the jurisdictional facts exist. 28 U.S.C. § 1653; *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612–14 (9th Cir. 2016).

The Court should deny the Motion. If the Court is inclined to grant the Motion, it should be with leave to amend. Because destruction of Bruce would eliminate the subject of the action and make any amendment or later relief meaningless, the existing preservation order should remain in effect while any permitted amended complaint is filed and adjudicated.

## X. CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Dismiss. SPARC was not a party to the state-court proceeding, is not a state-court loser, and alleges independent injuries caused by County and VCAS. Birgy separately alleges federal injuries arising from those Defendants' seizure, detention, administrative, and enforcement conduct; those claims do not all depend on establishing legal error by Judge Borrell or obtaining reversal of the dangerous-dog determination. California's statutory appeal provisions do not displace original federal jurisdiction over either Plaintiff's independent federal claims.

The FAC alleges concrete controversies with Defendants, meaningful relief the Court can grant without reviewing the dangerous-dog merits, and plausible constitutional claims. Any allegation or theory the Court concludes requires narrowing should be addressed discretely and with leave to amend, with the existing restraint against Bruce's destruction remaining in effect pending further order.

Dated: July 22, 2026 WALTER CLARK LEGAL GROUP

By: */s/ Dan C. Bolton*
Dan C. Bolton
Attorneys for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this memorandum of points and authorities 25 pages, complies with the Honorable Sherilyn Peace Garnett's current Standing Order for Civil Cases, Section G.4.

Dated: July 22, 2026 WALTER CLARK LEGAL GROUP

By: *_/s/ Dan C. Bolton_*
Dan C. Bolton
Attorneys for Plaintiffs