Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kelly Duncan (State Bar No. 216181)
*Kelly.Duncan@manningkass.com*
Thomas B. Livingston (State Bar No. 335783)
*Thomas.Livingston@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants
COUNTY OF VENTURA and
VENTURA COUNTY ANIMAL
SERVICES

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SANTA PAULA ANIMAL RESCUE CENTER, INC. AND CLAIRE BIRGY, THE GUARDIANS OF CANINE COMPANION BRUCE,

Plaintiff,

v.

VENTURA COUNTY, VENTURA COUNTY ANIMAL SERVICES, CITY OF OXNARD AND DOES 1-10,

Defendant.

Case No. 2:26-cv-05196-SPG-E

District Judge: Hon. Sherilyn Peace Garnett
Magistrate Judge: Hon. Charles F. Eick

**DEFENDANTS VENTURA COUNTY AND VENTURA COUNTY ANIMAL SERVICES' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

[*Filed Concurrently with Memorandum of Points and Authorities in Support of Reply to Plaintiffs' Opposition to Motion to Dismiss*]

Date: August 12, 2026
Time: 1:30 p.m.
Crtm.: 5C

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence, Rule 201, Defendants County of Ventura and Ventura County Animal Services (collectively, the "Defendants"), by and through their counsel of record, respectfully submit the following Request for Judicial Notice in support of their Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss of the following documents attached hereto:

**Exhibit A**: A true and correct copy of Ventura County Ordinance Code § 4470-5(a).

**Exhibit B**: A true and correct copy of California Food and Agriculture Code § 31612.

The Court must take judicial notice of any fact not subject to reasonable dispute. Fed. R. Evid. 201(b). Facts are indisputable and subject to judicial notice only if they are either generally known or can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned. *Id.* at 201(1); *see U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). Further, judicially noticed facts may be considered on a dismissal motion under Rule 12(b)(6). *See MGIC Indem. Corp. v. Weisman*, 830 F.2d 500, 504 (9th Cir. 1986). The facts to be judicially noticed here are legislative statutes that are being presented for the purposes of establishing that the language in these statutes is accurate and were in effect at the time the underlying claims. Because there is no dispute these statutes were in effect at the time of the claims and the language in these statutes is similarly not in dispute, the Court may properly take judicial notice of these statutes and its contents.

For the foregoing reasons, Defendants respectfully request the Court take judicial notice of **Exhibit A** and **Exhibit B** attached herewith.

DATED: July 29, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *[/s/ Kelly Duncan]*
Kelly Duncan
Thomas B. Livingston
Attorneys for Defendants
COUNTY OF VENTURA and
VENTURA COUNTY ANIMAL
SERVICES

# EXHIBIT A

4470-5 - Potentially dangerous dog or vicious dog hearing.

(a) If an Animal Control Officer or Peace Officer has investigated and determined that there exists probable cause to believe that a dog is potentially dangerous or vicious, the Director or his or her designee shall file, with a court having jurisdiction, or with a neutral and impartial administrative hearing officer, a verified complaint setting forth facts that establish probable cause to believe the dog in question is potentially dangerous or vicious, and shall petition for a court hearing, or an administrative hearing, for the purpose of determining whether the dog should be declared potentially dangerous or vicious. The Division may authorize its own employee to conduct the hearing if the hearing officer is not the same person who signed the petition or directed the impoundment or seizure of the dog and is not junior in rank to such person(s). In the alternative, the Division may use the services of a neutral and impartial hearing officer from outside the Division. Whenever possible, any complaint received from a member of the public which serves as the evidentiary basis for the Animal Control Officer or Peace Officer to find probable cause shall be sworn to and verified by the complainant and shall be attached to the petition. The Director, or his or her designee, shall notify the owner or keeper of the dog that a court or administrative hearing will be held, at which time the owner or keeper of the dog may present evidence as to why the dog should not be declared potentially dangerous or vicious. The owner or keeper of the dog shall be served with notice of the hearing and a copy of the petition, either personally or by first-class mail with return receipt requested. The hearing shall be held promptly within no less than five (5) working days nor more than ten (10) working days after service of notice upon the owner or keeper of the dog. The hearing shall be open to the public.

(b) The hearing officer shall have the power to administer oaths or affirmations when necessary in conjunction with the hearing.

(c) The court or administrative hearing officer may admit into evidence all relevant evidence, including the incidence report and the affidavits of witnesses. Any party shall have the right to call and examine witnesses, to introduce exhibits, to cross-examine witnesses on any matter relevant to the issues even if such matter was not covered on direct examination, and to impeach any witness regardless of which party first called the witness to testify. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence or objection in a civil action. Hearsay evidence shall be admissible for any purpose but shall not be sufficient itself to support a finding unless it would be admissible over objection in a civil action.

(d) Before and after the hearing has commenced, any party may request the court or administrative hearing officer to issue subpoenas and subpoenas duces tecum for attendance and the production of documents at the hearing. Compliance with the provisions of section 1985 of the Code of Civil Procedure that be a condition precedent to the issuance of a subpoena duces

tecum. Any person duly subpoenaed to appear and testify or to produce any documents and who wrongfully neglects or refuses to appear or testify or to produce such documents is guilty of a misdemeanor.

(e) A jury shall not be available. The court or administrative hearing officer may find, upon a preponderance of the evidence, that the dog is potentially dangerous or vicious and make such other necessary orders.

(f) All court forms approved for optional use by the Judicial Council of California, pursuant to Food and Agriculture Code Sections 31601, et seq., may also be used for purposes of any administrative hearing.

(Ord. No. 4587, § 1, 10-19-2021)

# EXHIBIT B

KeyCite Yellow Flag
Proposed Legislation

West's Annotated California Codes
Food and Agricultural Code (Formerly Agricultural Code) (Refs & Annos)
Division 14. Regulation and Licensing of Dogs (Refs & Annos)
Chapter 9. Potentially Dangerous and Vicious Dogs (Refs & Annos)
Article 2. Judicial Process (Refs & Annos)

West's Ann.Cal.Food & Agric.Code § 31621

# § 31621. Hearing on declaration of dog as potentially dangerous or vicious

Effective: January 1, 2020
Currentness

If an animal control officer or a law enforcement officer has investigated and determined that there exists probable cause to believe that a dog is potentially dangerous or vicious, the chief officer of the public animal shelter or animal control department, or the chief officer's immediate supervisor, or the head of the local law enforcement agency, or the agency head's designee, shall petition the superior court of the county in which the dog is owned or kept for a hearing for the purpose of determining whether or not the dog should be declared potentially dangerous or vicious. A proceeding under this section is a limited civil case. A city or county may establish an administrative hearing procedure to hear and dispose of petitions filed pursuant to this chapter. Whenever possible, any complaint received from a member of the public which serves as the evidentiary basis for the animal control officer or law enforcement officer to find probable cause shall be sworn to and verified by the complainant and shall be attached to the petition. The chief officer of the public animal shelter or animal control department or head of the local law enforcement agency shall notify the owner or keeper of the dog that a hearing will be held by the superior court or the hearing entity, as the case may be, at which time the owner or keeper of the dog may present evidence as to why the dog should not be declared potentially dangerous or vicious. The owner or keeper of the dog shall be served with notice of the hearing and a copy of the petition, either personally or by first-class mail with return receipt requested. The hearing shall be held promptly within no less than five working days nor more than 10 working days after service of notice upon the owner or keeper of the dog. The hearing shall be open to the public. The court may admit into evidence all relevant evidence, including incident reports and the affidavits of witnesses, limit the scope of discovery, and may shorten the time to produce records or witnesses. A jury shall not be available. The court may find, upon a preponderance of the evidence, that the dog is potentially dangerous or vicious and make other orders authorized by this chapter.

**Credits**

(Added by Stats.1989, c. 761, § 1. Amended by Stats.1998, c. 931 (S.B.2139), § 168, eff. Sept. 28, 1998; Stats.2002, c. 784 (S.B.1316), § 119; Stats.2019, c. 7 (A.B.1553), § 7, eff. Jan. 1, 2020.)

**Editors' Notes**

**LAW REVISION COMMISSION COMMENTS**

1998 Amendment

Section 31621 is amended to accommodate unification of the municipal and superior courts in a county. Cal. Const. art. VI, § 5(e). In a county in which there is no municipal court, the relevant geographical unit is the county rather than judicial district. *Cf.* Code Civ. Proc. § 38 & Comment ("judicial district" defined).

A limited civil case is within the original jurisdiction of the municipal court or of the superior court in a county in which there is no municipal court. Cal. Const. art. VI, 10 (superior court jurisdiction); Code Civ. Proc. §§ 85, 85.1 (limited civil cases). See also Code Civ. Proc. §§ 91, 904.2, 1085 (trial procedures and writ and appellate jurisdiction for limited civil cases). [28 Cal.L.Rev.Comm. Reports 51 (1998)].

2002 Amendment

Section 31621 is amended to reflect unification of the municipal and superior courts pursuant to Article VI, Section 5(e), of the California Constitution. [32 Cal. L. Rev. Comm. Reports 1 (2002)].

**OFFICIAL FORMS**

**2024 Main Volume**

<Mandatory and optional Forms adopted and approved by the Judicial Council are set out in West's California Judicial Council Forms Pamphlet.>

West's Ann. Cal. Food & Agric. Code § 31621, CA FOOD & AG § 31621
Current with urgency legislation through Ch. 101 of 2026 Reg.Sess. Some statute sections may be more current, see credits for details.

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.